# Richmond

## EVELYN KNIGHT V. FOURTH BUCKINGHAM COMMUNITY, INC.

January 19, 1942.

Record No. 2462.

Present, All the Justices.

*Cornelius H. Doherty* and *Dorsey K. Offutt*, for the plaintiff in error.

*Gardner L. Boothe*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error, Evelyn Knight, filed her notice of motion for judgment in the court below against Fourth Buckingham Community, Incorporated, alleging that she was entitled to damages occasioned by falling down an unlighted stairway of one of the defendant's apartments. The defendant demurred to the notice, and it was sustained. The plaintiff indicating that no amendment to the notice would be offered, the court dismissed the action.

The sole question before us is whether or not the notice states a case. To determine the issue we must look to the notice. The material allegation is that plaintiff's husband leased a second-floor apartment from the defendant. "And in order to enter this apartment it was necessary for the plaintiff to use the common entrance and stairway to the apartment building, which was maintained by you; that between the 15th day of February, 1939, and the 6th day of November, 1939, you assumed the obligation of maintaining

the said entrance, hallways and stairways in a good and sufficiently lighted condition, but plaintiff says that on the 6th day of November, 1939, while plaintiff was still the wife of the lessee, Andrew Knight, and while plaintiff was still a tenant in the premises above described, on her arrival to the apartment house, no lights were burning in the accustomed places, and the hall and stairway was in a darkened condition, and plaintiff endeavored to go to her apartment, but due to your failure to exercise reasonable care in maintaining a good and sufficient lighting equipment in said apartment house, as you had assumed to do, and in permitting the lights in the hallway and the stairway to remain unlighted, and knowing that plaintiff would use such hallway and stairs, as she had a right to do, plaintiff missed her footing and fell and sustained, etc."

In her bill of particulars it is stated that the time of the accident was on the 6th of November, 1939, at between 2:15 and 2:30 a. m.; that it occurred at the top of the stairs of the second floor; that when she arrived at the apartment house there were no lights burning in the stairway to the second floor, where her apartment was located and that she "guided herself up the stairway by the hand-rail on the right hand side, and on reaching the top it was necessary for her hand to leave the hand-rail and as she started toward the door of her apartment she missed the top step and fell down the stairs."

The demurrer stated that no legal cause of action had been alleged; that the notice discloses that the plaintiff's injuries did not result from any negligence of the defendant which proximately caused them; and that the notice discloses her own contributory negligence, which bars her recovery.

The lower court did not specify which ground caused it to sustain the demurrer.

It must be conceded that there was no defect of any kind in the stairway and that the sole reason for the accident so far as the allegations of the notice were concerned, was the unlighted condition of the stairway. In fact, no defect in the stairway was alleged.

It must also be conceded that there was no express contract whereby the landlord agreed to light and maintain lights in the hall and stairways leading to the apartment, for no such contract obligation is alleged.

In Virginia there is no statute which directs that the landlord must maintain artificial lights in hallways and stairways in apartment houses. Therefore, in this jurisdiction the common law prevails. By the common-law rule the landlord is not obligated to the tenant to light stairways in the leased premises in the absence of express contract. See 32 Am. Jur.., Landlord and Tenant, Sec. 670; and Annotations in 25 A. L. R. 1312, 39 A. L. R. 302, 58 A. L. R. 1419, 75 A. L. R. 166, and 97 A. L. R. 242.

In 25 A. L. R., at p. 1312, may be found the general common-law rule. It is as follows: "The common-law liability of a landlord for the safe condition of approaches to, and the stairs and hallways in, premises used in common by different tenants, does not require him to keep the ordinary halls and stairways lighted, and hence he is not liable for injuries received by reason of the unlighted condition of this portion of the premises."

In some States, as already indicated, the subject is regulated by statute. The rule of liability in those States has no application in Virginia. Here the liability, if any exists, must rest on the common law alone.

In *Baker* v. *Butterworth*, 119 Va. 402, 89 S. E. 849, L. R. A. 1916 F, 1287, the court sustained a demurrer to the declaration, set aside a verdict of the jury for the plaintiff and dismissed the case. There the allegation was that the defendant negligently failed to light the hall: that he maintained the hall in utter darkness and failed to exercise reasonable care to give warning of the existence of a back stairway which joined the hall; that the plaintiff in seeking the bathroom, in accordance with written directions placed in the room, left her room to go to the bathroom; that she went into the unlighted hall proceeding to the bathroom and fell headlong down the back stairway.

The demurrer in that case was founded, (1), on the lack of

negligence alleged in the declaration and, (2), upon the contributory negligence of the plaintiff shown in the declaration, namely, going into an unlighted hall. The court sustained the demurrer upon the second ground, to wit: that the declaration disclosed the contributory negligence of the plaintiff.

The plaintiff in error argues that the decision in *Baker* v. *Butterworth, supra,* is distinguishable because in that case the plaintiff was not familiar with the unlighted hall while in the case at bar the plaintiff was entirely familiar with the stairway because she frequently used it. Therefore it should not be held as a matter of law that the allegations in her notice disclose her contributory negligence.

It is not necessary for us to draw the indicated distinction. It is not necessary for us to hold one guilty of contributory negligence which would bar his recovery if he goes into an unlighted hall or upon an unlighted stairway when he is entirely familiar with the hall or stairway and the other surroundings. This question may be answered in the future in a proper case. In the case at bar we do not reach the ground of contributory negligence set out in the demurrer. We place our approval of the decision of the lower court upon the ground that the plaintiff failed to charge in the notice any actionable negligence which proximately contributed to her injuries, and for that reason alone the judgment of the lower court must be sustained.

The plaintiff concedes that the common-law rule does not require the landlord to light stairways, but she urges that in this case the landlord had assumed to light the stairway. Her allegation in that respect is that "you assumed the obligation of maintaining the said entrance, hallways and stairways in a good and sufficiently lighted condition" from February 15, 1939, to November 6, 1939, but that on November 6, 1939, the time plaintiff was injured, no lights were maintained and burning in the hall or on the stairway. The plaintiff contends that this allegation is sufficient to charge an implied obligation or duty upon the defendant to keep the stairway lighted.

Even if the defendant had assumed the obligation of main-

taining the light, under this allegation we are not told whether the "assumed obligation" required the lights to be burning all night or to be turned off at midnight. We are not told whether the defendant was responsible for the lights being turned off at 2:15 a. m., when plaintiff arrived, or whether some one else turned them off. They may have been off through the failure of the current or some other accident. In any event the defendant was entitled to reasonable notice that the lights were not burning and to be given an opportunity to remedy the condition. An allegation to this effect should have been made. If there was an unbroken custom to keep the lights burning, then facts showing some fault on the part of the defendant in not having them burning on the night of the injury should have been alleged. Facts should have been alleged charging the defendant with a breach of his implied or assumed obligation. The extent of the obligation also should have been alleged. Under the "assumed obligation" it may have been defendant's duty to turn the lights off at midnight.

While we have gone far towards liberalizing the notice of motion for judgment and have avoided the observance of the ordinary technicalities required in common-law declarations, yet the notice still must state a case that the law will recognize. Its sufficiency still may be tested by demurrer. *Security Loan & Trust Company* v. *Fields*, 110 Va. 827, 67 S. E. 342.

The judgment is accordingly affirmed.

*Affirmed.*