RAE H. ELY

v.

W. W. WHITLOCK, ET AL.

Record No. 880355

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Thomas,* Whiting, and Lacy, JJ

* Justice Thomas participated in the hearing and decision of this case prior to the effective date of his resignation, November 1, 1989.

*Victor M. Glasberg (Jonathan M. Smith*, on briefs), for appellant.

*Thomas E. Albro (Bruce C. Phillips; Smith, Taggart, Gibson & Albro,* on brief), for appellees.

*Amicus Curiae:* Commonwealth of Virginia *ex rel.* Virginia State Bar (Mary Sue Terry, Attorney General; E. Lane Kneedler Chief Deputy Attorney General; Gail Starling Marshall, Deputy Attorney General; Martha B. Brissette, Assistant Attorney General, on brief), for appellant.

Justice Whiting delivered the opinion of the Court.

In these two consolidated actions for (1) malicious prosecution, (2) abuse of process, and (3) intentional infliction of emotional distress, we determine whether the motions for judgment are sufficient to state causes of action for each of these claims.

W.W. Whitlock and his son John D. Whitlock, both of whom are lawyers, each filed a motion for judgment against another lawyer, Rae H. Ely, seeking to recover compensatory and punitive damages based on separate counts of malicious prosecution, abuse of process, and defamation. Later, each plaintiff added a fourth count alleging intentional infliction of emotional distress. But for two exceptions noted later, the pertinent allegations contained in the two separate motions for judgment are identical.

The trial court overruled Ely's demurrer to all four counts of each motion for judgment, and Ely objected. John Whitlock later withdrew his defamation count.

The motions for judgment indicate that on October 24, 1984, Ely filed an answer on behalf of her client to a cross-bill in a divorce suit pending in the Circuit Court of Louisa County in which the Whitlocks were opposing counsel. The answer alleged that the Whitlocks had filed the cross-bill in bad faith and in violation of Rule 1:4(a), as well as Disciplinary Rule 7-102 and Ethical Considerations 7-9 and 7-10 of the Code of Professional Responsibil-

ity. On December 13, 1984, pursuant to former Code §§ 54-74 and -74.1,[1] Ely filed a motion in the divorce suit for a rule to show cause why the Whitlocks' licenses to practice law should not be revoked or suspended. On February 12, 1985, the court severed Ely's ethical complaints against the Whitlocks from the divorce suit and ordered that a new file be opened, but not considered until the divorce suit was concluded.

After a joint bench trial of both of the Whitlocks' claims, the court entered judgment for compensatory damages of $2,500 and punitive damages of $5,000 on each of the seven remaining counts. Ely sought to appeal the entire judgment, but subsequently paid the judgment relating to W.W. Whitlock's defamation claim.

Because Ely's trial counsel did not serve notice of filing the trial transcript upon opposing counsel, as required by Rule 5:11(b), we sustained the Whitlocks' motions to dismiss all assignments of error relating to factual matters that address issues requiring a consideration of the transcript. We granted this appeal, limited to reviewing the trial court's action in overruling Ely's demurrers to the remaining causes of action.

After we granted the appeal, the Commonwealth, pursuant to the provisions of Rule 5:30(a)(1), filed an *amicus curiae* brief on behalf of the Virginia State Bar. The State Bar is responsible for attorney disciplinary matters.

In our review, we consider only the allegations contained in the motions for judgment in determining whether they state causes of action. All matters properly pleaded and any reasonable inferences arising therefrom will be considered true for purposes of our review. *The Ryland Group v. Wills*, 229 Va. 459, 461, 331 S.E.2d 399, 401 (1985); *United Masonry v. Jefferson Mews*, 218 Va. 360, 366, 237 S.E.2d 171, 175 (1977).

## I.

■ Ely contends that the damage allegations contained in the malicious prosecution counts fail to allege special injury as required by *Ayyildiz v. Kidd*, 220 Va. 1080, 266 S.E.2d 108 (1980). *Kidd* involved a physician's malicious prosecution action against a lawyer who had represented a client in an allegedly frivolous med-

---

[1] These sections were recodified in 1988 as part of Title 54.1. *See* Code §§ 54.1-3935 and -3937.

ical malpractice suit against the physician. There, we adopted the English rule requiring allegation and proof of personal arrest, property seizure, or special injury in malicious prosecution actions arising out of prior civil actions. 220 Va. at 1083, 266 S.E.2d at 111.

We defined special injury as "a special loss or unusual hardship resulting from the malicious prosecution of the original action, . . . that would not stem normally from a medical malpractice suit." 220 Va. at 1084, 266 S.E.2d at 111-12. Applying that definition, we held that allegations regarding the costs of defending the malpractice action, the damages to the physician's professional reputation, and the loss of present and future professional income did not satisfy the definition of special injury. 220 Va. at 1084-85, 266 S.E.2d at 112.

The Whitlocks allege that

> [a]s a direct and proximate result of defendant's actions as aforesaid, plaintiff has been greatly injured and his reputation and character have been attacked and these allegations have been discussed throughout his professional, business and social communities. Plaintiff has been hindered in the practice of his profession and has been required to spend substantial time away from his business; he has had to expend substantial sums of money to defend against these wholly frivolous charges, has been caused much anxiety and great mental anguish, [and has been subjected to unusual and unnecessary stress which has threatened his physical well being].[2]

The Whitlocks claim that this sufficiently alleges the special injury required by *Kidd*. In fact, however, their dual allegations of "anxiety and great mental anguish" and W.W. Whitlock's individual allegation of "unusual and unnecessary stress which has threatened his physical well being" are, like their remaining damage allegations, injuries which would normally stem from a disciplinary complaint. Anyone whose livelihood is threatened by such a proceeding would necessarily feel some degree of mental anguish. Therefore, they do not sufficiently allege special injury.

The Whitlocks allege that the object of the prior disciplinary complaints was to deprive them of their livelihood, which re-

---

[2] The bracketed material was only contained in W.W. Whitlock's allegations.

sulted in special injury to them. We believe the policy reasons, enunciated in *Kidd*, for limiting malicious prosecution actions arising out of prior malpractice actions apply with equal force in the context of prior disciplinary actions. With that in mind, we conclude that the risk of damage to a lawyer's livelihood is a natural consequence of any disciplinary proceeding against him.

■ Alternatively, the Whitlocks contend that they do not need to allege special injury because disciplinary proceedings are "quasi-criminal in nature."[3] However, we have held that disciplinary proceedings are civil, not criminal, in nature. *Seventh District Committee* v. *Gunter*, 212 Va. 278, 284, 183 S.E.2d 713, 717 (1971).

The Whitlocks attempt to distinguish *Gunter* by arguing that, in the context of subsequent malicious prosecution actions, we should regard prior disciplinary proceedings as "quasi-criminal" because those proceedings, like criminal proceedings, are conducted primarily at the expense of parties other than the complainant. They maintain that the expense of civil suits deters groundless civil actions which might give rise to subsequent malicious prosecution actions. Because the costs incurred by complainants in disciplinary proceedings are minimal, they contend that there is nothing to deter groundless complaints in this context. Therefore, they maintain that they should not have to bear the additional burden of alleging and proving special injury.

■ Although we noted that the defendant attorney in *Kidd* bore none of the costs of the prior civil proceeding upon which the malicious prosecution claim was based, we still applied the additional deterrent of requiring allegations of special injury. *Kidd*, 220 Va. at 1083-84, 266 S.E.2d at 111. In our opinion, the same rule should be applied here.

Because the Whitlocks do not allege special injury as required by *Kidd*, we are of opinion that the trial court erred in overruling the demurrer to the malicious prosecution counts.

## II.

Ely maintains that the Whitlocks' counts alleging abuse of process are insufficient. The Whitlocks allege that after Ely's ethics complaint was severed from the issues in the pending divorce suit,

---

[3] Malicious criminal prosecution claims do not require allegation and proof of special injury..*See Kidd*, 220 Va. at 1082, 266 S.E.2d at 111.

Ely, not the authorities charged with the prosecution of ethics complaints, took depositions in support of her complaint.

■ For an abuse of process claim to survive a challenge by demurrer, one must plead: "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe Construction* v. *Mount Vernon Assoc.*, 235 Va. 531, 539, 369 S.E.2d 857, 862 (1988). Ely concedes that the allegations are sufficient to show an "ulterior purpose"; however, she does not state whether the pleadings satisfy the second requirement.

Instead, she, and the Commonwealth in its amicus brief, argue that as a matter of policy, we should not allow recovery for abuse of process against a lawyer who files an ethics complaint against another lawyer, when the complaint is later held to be unfounded. They contend that the denial of such immunity would have a chilling effect on the usefulness of Disciplinary Rule 1-103(A),[4] which requires one lawyer to report another lawyer's misconduct.

■ In our opinion, no such immunity is necessary in abuse of process actions. If a lawyer merely reports the unethical conduct as the rule requires, and allows the appropriate disciplinary authorities to investigate and prosecute the complaint, that lawyer cannot be liable for abuse of process. By merely reporting the alleged ethics violation, the reporting lawyer would have taken no improper action *after* making the initial report, a *sine qua non* for the successful prosecution of a subsequent abuse of process claim. *See Triangle Auto Auction* v. *Cash*, 238 Va. 183, 184-85, 380 S.E.2d 649, 650 (1989).

■ The Whitlocks' motions for judgment, however, allege that Ely subsequently took depositions to support her complaint which, in our opinion, sufficed to show "an act in the use of the process not proper in the regular prosecution of the proceedings." Therefore, we conclude that the trial court correctly overruled Ely's demurrer to the counts alleging abuse of process.

---

[4] Disciplinary Rule 1-103(A) provides:

A lawyer having information indicating that another lawyer has committed a violation of the Disciplinary Rules that raises a substantial question as to that lawyer's fitness to practice law in other respects, shall report such information to the appropriate professional authority, except as provided in DR 4-101 [Preservation of Confidences and Secrets of a Client].

## III.

Ely also contends that the counts which allege intentional infliction of emotional distress are insufficient. We agree. Specifically, the Whitlocks allege that

[t]he statements and conduct of Rae H. Ely, as set forth in Counts I, II and III of this Motion for Judgment were made and carried out by her intentionally and/or recklessly, were outrageous and intolerable and offend against generally accepted standards of decency and morality, and have proximately caused severe emotional distress to your plaintiff.

The Whitlocks do not allege that Ely instituted the ethics complaint for the specific purpose of inflicting emotional distress upon them, or that she intended her specific conduct and knew or should have known that emotional distress would likely result. We have held that such proof is necessary to establish a cause of action based on intentional infliction of emotional distress. *Womack* v. *Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974); *see Ruth* v. *Fletcher*, 237 Va. 366, 373, 377 S.E.2d 412, 416 (1989). Since a plaintiff must allege all facts necessary to establish a cause of action, *see Knight* v. *Fourth Buckingham, etc.*, 179 Va. 13, 18, 18 S.E.2d 264, 266 (1942), and the Whitlocks have not done so, their claim fails.

Finally, W.W. Whitlock's count for malicious prosecution, incorporated by reference in his count for intentional infliction of emotional distress, alleges that the ethics complaint was instituted "with intent to injure plaintiff's health." In our opinion, this reference does not sufficiently allege a specific intent to cause him severe emotional injury.

We conclude that the trial court erred in overruling Ely's demurrer to those counts which allege the intentional infliction of emotional distress.

We do not address the issue of lawyer immunity in the context of actions for malicious prosecution and intentional infliction of emotional distress. It is not necessary to do so at this time.

For all of the foregoing reasons, we will affirm the judgments awarding damages for abuse of process, and reverse the judgments

for malicious prosecution and intentional infliction of emotional distress and enter final judgment on those claims.[5]

*Affirmed in part, reversed in part, and final judgment.*

Justice Compton, dissenting.

The procedural posture of this appeal is most unusual. Ely violated rule 5:11(b) and failed properly to make the trial transcript a part of the record on appeal. Consequently, the Court sustained the Whitlocks' motion to dismiss all assignments of error relating to the evidentiary hearing and the final judgment.

Under these circumstances, the final judgment must be deemed to be free of error. In other words, the judgment is presumed valid for all purposes as being based on legally sufficient causes of action supported fully by proof of facts sustaining the claims and warranting the relief afforded the plaintiffs.

The majority, however, goes behind the valid judgment to reach errors allegedly committed at an earlier stage of the trial proceedings. In my opinion, this cannot properly be accomplished.

The result I advocate can be supported by at least three principles: harmless error (argued by the plaintiffs), mootness, and waiver. Any mistake of the trial court in overruling the demurrers has been rendered not only harmless but moot by the errorless trial and subsequent unchallenged judgment. In failing to preserve error to the final judgment, Ely has waived any right to rely on error at the pleading stage of the case.

Accordingly, I would dismiss this appeal as improvidently awarded.

---

[5] Although Ely raised the issue during oral argument, we do not consider whether each Whitlock was awarded multiple recoveries for what may be essentially one injury. Ely neither raised the issue in the trial court, as required by Rule 5:25, nor assigned error, as required by Rule 5:17(c).