## CIRCUIT COURT OF FAIRFAX COUNTY

Amy Berger

v.

Pizza Hut
of America,
Inc., et al.

February 24, 1992

Case No. (Chancery) 123554

BY JUDGE ROSEMARIE ANNUNZIATA

The matter presently before the Court is the Defendants' Demurrer to Complainant Amy Berger's Bill of Complaint. On November 28, 1990, the Complainant, accompanied by her husband and her seeing-eye dog, entered a Pizza Hut restaurant. The Complainant alleges that upon entering the restaurant, Defendant Gurbachan Singh, the restaurant manager, refused to allow her to be seated because she was accompanied by her dog. The Complainant alleges that she informed Defendant Singh that public restaurants are required by law to accommodate a blind person accompanied by a seeing-eye guide dog, but that Singh nevertheless refused to allow her to be seated in the restaurant accompanied by the dog. The Complainant subsequently filed suit on October 24, 1991, against the Defendants Pizza Hut, Inc., Pizza Hut of America, Inc., Gurbachan Singh, and Pizza Hut of Washington, Inc.

Complainant's Bill of Complaint alleges four causes of action. Count I alleges that the defendants violated Virginia's Rights of Per-

sons with Disabilities Act and seeks monetary damages and appropriate injunctive relief. Count II alleges intentional infliction of emotional distress, and Count III alleges a violation of the federal Americans with Disabilities Act. Finally, Count IV alleges that the defendants have engaged in a continuing pattern of conspiracy to discriminate against and inflict emotional distress upon the Complainant in a manner that evinces reckless disregard for the rights of the individual complainant and seeks compensatory damages, punitive damages, and injunctive relief.

The Defendants demur to Count I on the ground that the Complainant has failed to allege that she was "accompanied by a dog, in harness, trained as a guide dog", as required by § 51.5–44(E) of the Virginia Code. This section was amended in 1985 to include the "in harness" language. A presumption arises that a change in law was intended when new provisions are added to prior legislation by an amendatory act. *See Boyd v. Commonwealth*, 216 Va. 16, 20 (1975) (citing *Richmond v. Sutherland*, 114 Va. 688, 693 (1913)). Thus, I conclude that a guide dog must be "in harness" before § 51.5–44(E) can be violated, and the Complainant must allege this fact to state a cause of action under this provision. Accordingly, the Defendants' demurrer to Count I is sustained with leave to amend.

The Defendants demur to Count II of the Bill of Complaint on the grounds that the Complainant fails to allege sufficient facts to state a cause of action for intentional infliction of emotional distress and that such a claim is nevertheless barred by the provisions of § 51.5–46(C) of the Virginia Code. Taking the second contention first, I find that § 51.5–46(C) does not preclude a separate claim for intentional infliction of emotional distress. A common law right of action is not considered as altered or changed by statute unless the legislative intent is plainly manifested. *See Griffith v. Raven Red Ash Coal Co.*, 179 Va. 790, 797 (1942). When construed in light of this principle, it is clear that the legislature did not intend § 51.5–46(C) to exclude all other rights of action at common law which also amount to a violation of the Act. *Compare* Va. Code Ann. § 65.2–307 ("The rights and remedies herein granted . . . shall exclude all other rights and remedies . . . at common law or otherwise") *with* Va. Code Ann. § 51.5–46(C) ("[t]he relief available for violations of this chapter shall be limited to the relief set forth in this section." By its terms, § 51.5–46(C) limits the relief afforded under the Act for causes of action

brought pursuant to it. However, it does not thereby preclude the prosecution of separate and independent common law causes of action stemming from the same set of facts.

As to the second contention regarding the sufficiency of the allegations to support a claim for intentional infliction of emotional distress, the Complainant must allege that the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe. *Womack v. Eldridge*, 215 Va. 338, 342 (1974); *Ruth v. Fletcher*, 237 Va. 366, 367–68 (1989); *Russo v. White*, 241 Va. 23, 26 (1991).

The facts a plaintiff must allege to satisfy the intentional or reckless element of a claim for intentional infliction of emotional distress was the subject of the decision in *Ely v. Whitlock*, 238 Va. 670, 677 (1989). In *Ely*, the plaintiffs alleged that the statements and conduct of the defendant "were made and carried out by her intentionally and/or recklessly, were outrageous and intolerable and offend against generally accepted standards of decency and morality, and have proximately caused severe emotional distress to your plaintiff." *Ely*, 238 Va. at 677. Granting the defendant's demurrer, the Court held that the plaintiffs had failed to allege sufficient facts to state a claim because the plaintiffs did not allege "that Ely [acted] for the specific purpose of inflicting emotional distress on them, or that she knew or should have known that emotional distress would likely result." *Id.*

In the present case, the Complainant alleges in Count II of her Bill of Complaint that "[a]s a result of the intentional actions of Defendants as set forth above, Complainant Amy Berger has suffered from severe and continuing emotional distress, resulting in psychological and physical damage as well as expenses related to increased need for therapy and lost time from work." The Complainant, however, fails to allege sufficient facts which expressly or implicitly state that the defendants acted with the specific purpose of inflicting emotional distress on her or that the defendants knew or should have known that emotional distress would likely result from their conduct. *See Ely*, 238 Va. at 677. Accordingly, the Defendants' demurrer to Count II is sustained with leave to amend.

The Defendants demur to Count III of the Bill of Complaint on the ground that the Americans with Disabilities Act of 1990 has an ef-

fective date of January 26, 1992, for purposes of its public accommodations provisions, over one year after the incident alleged by the Complainant occurred. *See* 42 U.S.C. § 12182; 28 *C.F.R.* § 36.508(a) (printed in 56 Fed. Reg. 35544, 355603) (July 26, 1991). Congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result. *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 (1988). Thus, in the absence of specific language to the contrary, the newly enacted Americans with Disabilities Act of 1990 does not apply retroactively to the acts alleged by the Complainant, and the Defendants' demurrer to Count III is sustained without leave to amend.

Count IV alleges that the Defendants have engaged in a continuing pattern of conspiracy to discriminate against and inflict emotional distress upon the Complainant. The Defendants demur to this Count on the identical grounds upon which the Court has sustained the demurrer with respect to Counts I and II.

A civil conspiracy is an agreement or understanding between two or more persons to do an unlawful act, or to use unlawful means to do an act which is lawful. *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 402 (1985). The wrong committed under the conspiracy, and which results in damage to the plaintiff, is the basis of the civil action. *Gallop v. Sharp*, 179 Va. 335, 338 (1941).

Conspiratorial conduct will give rise to a civil action only if the unlawful act at issue can sustain a cause of action against one of the defendants, *Mills v. Murray*, 472 S.W.2d 6, 12–13 (Mo. 1971); *McGlasson v. Barger*, 431 P.2d 778, 780 (Colo. 1967); *Shannon v. Gaar*, 6 N.W.2d 304, 307 (Iowa 1942), or if acts at issue, although not actionable against an individual because they were lawful, were committed in concert with the direct intention to invade the plaintiff's rights and cause injury thereby. *See Clark v. Sloan*, 37 P.2d 263, (1934); *Short v. Hotel Riviera, Inc.*, 378 P.2d 979, 985 (Nev. 1963); *see generally* 15A C.J.S. *Conspiracy* § 8 (1967); 16 Am. Jur. 2d *Conspiracy* § 52–53 (1979). With respect to the first principle underlying relief for civil conspiracy, the Complainant has not alleged sufficient facts to state a claim for relief under Virginia's Persons with Disabilities Act or for the intentional infliction of emotional distress. Furthermore, she has not sufficiently alleged facts which would permit her to maintain her conspiracy claim under the second

principle underlying permitted actions for civil conspiracy. Accordingly, the Defendant's demurrer to Count IV is sustained with leave to amend.

For the reasons stated above, the Defendants' Demurrer is sustained as to all Counts of the Complainant's Bill of Complaint with leave to amend as noted earlier.