## CIRCUIT COURT OF THE CITY OF RICHMOND

Michelle Jordan

v.

Chai Yoon Chang,
individually and
d/b/a Nuttall's Market

June 21, 1995

Case No. LX-2309-1

By Judge Melvin R. Hughes, Jr.

In this case the defendant tests by demurrer plaintiff's claim of intentional infliction of emotional distress on facts alleging racial discrimination in a refusal to accept a personal check as payment for grocery items.

Plaintiff, an African-American, alleges that the refusal was part of a policy by defendant, a Korean, who operates a neighborhood grocery store, to "engage in racial discrimination and bigotry by refusing to accept checks from citizens of African-American descent . . . while readily agreeing to accept checks from members of other races." Plaintiff further alleges that given "a history of slavery and racial discrimination toward African-Americans, [the] memories and history . . . have stimulated fear, dread, concern, despair, and emotions on the part of plaintiff." Plaintiff alleges that the defendant's actions were intentional, intolerable, and beyond generally accepted standards of decency and morality and that she has suffered emotional distress which is "severe."

Citing *Russo v. White*, 241 Va. 23, 26 (1991), defendant observes that claims for intentional infliction of emotional distress are "not favored" in law and that it is the court's task to initially determine whether the facts alleged amount to both outrageousness and severe emotional distress. *Id.* at 27. The court in *Russo* further observed that:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go be-

> yond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Id.*

Plaintiff cannot make a claim of emotional distress out of a single refusal to accept a check, no matter what defendant's motivation, because such an act cannot rise to the level of outrage required by Virginia law, defendant contends.

Plaintiff responds that the act leading to the injury is not the issue, but rather the intent of the actor causing severe distress. Plaintiff contends that various acts have been found to support a claim of intentional inflictions of emotional distress, as defendant's act in refusing to accept a check should be here. In *Sanford v. Ware*, 191 Va. 43 (1950), reburying a loved one without a casket or shroud and in *Womack v. Eldridge*, 215 Va. 338 (1974), tricking plaintiff into supplying his photograph for use in a child molestation case were found to be acts supporting successful claims for severe emotional distress. Plaintiff contends that whether the plaintiff can satisfy all the elements for such a claim is a question for the jury. Importantly, plaintiff observes that racism and bigotry are both capable of being viewed as atrocious and intolerable behavior in a civilized society. Plaintiff argues that our Supreme Court has found race discrimination in *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994), and sex discrimination in *Williams v. Garraghty*, 249 Va. 224 (1995), unlawful. While the court certainly agrees that racial discrimination and bigotry have victimized many persons in the past and unfortunately continues to exist in places today, a remedy by way of an emotional distress claim under the facts alleged in this case is not available.

In *Lockhart* and in *Wright v. Donnelly & Co.*, 247 Va. 98 (1994), consolidated cases, the Court recognized for the first time in Virginia the right of an employee to present a cause of action for wrongful discharge in employment based on race and sex, respectively. In *Williams v. Garraghty* the Court sustained the trial court's action upholding a jury verdict on common law defamation and statutory insulting words claims by a supervisor against an employee growing out of the employee's accusation of sexual harassment. Neither of these cases, nor has the court been cited to any, recognize the viability of a claim for damages due to intentional infliction of emotional distress founded only on racial discrimination.

In *Russo*, the Supreme Court upheld the trial court's action sustaining a demurrer in a suit claiming intentional infliction of emotional distress based on allegations of repeated 340 hang up telephone calls over a period of two months. In *Russo* the plaintiff alleged that some of the calls were

made at times the defendant was evidently watching her home. There, the plaintiff alleged that the calling met the four prong test the court announced in *Womack v. Eldridge*, 215 Va. 338 (1994), required to allege and prove emotional distress, a non-tactile tort. The test requires that: the, conduct must be intentional or reckless; the conduct must be outrageous and intolerable; the conduct and emotional distress be causally connected; and the distress inflicted, severe. *Id.* at 342.

"A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270 (1988). But this does not necessarily involve accepting the conclusions of law on the admitted facts. *Votis v. Ward's Coffee Shop, Inc.*, 217 Va. 652 (1977). Here, plaintiff alleges that defendant's refusal to take plaintiff's check "was an act of racial discrimination and bigotry." Plaintiff also alleges in paragraph 10 of Plaintiff's Amended Motion For Judgment:

> 10. That there exists in the United States and the Commonwealth of Virginia a history of slavery and racial discrimination towards African-Americans, known to the plaintiff and defendant, which was or is characterized and evidenced by discriminatory laws, denial of basic constitutional rights, such as the right to vote and the right to equal protection under the law, the right to testify and to bring evidence in a court of law. Acts of discrimination included lynchings, beatings, segregation, inferior facilities for education, transportation and employment and relegation to inferior treatment under the law in the most basic of governmental services. All such history, and other aspects of that history, are known to plaintiff and are memories and history that have stimulated fear, dread, concern, despair and emotions on the part of plaintiff for her personal treatment and the treatment of others merely due to their membership in a racial group of which plaintiff is a member.

While lynching and beating, for example, are outrageous and intolerable, these are not non-tactile. For those acts described that are non-tactile, to afford a remedy by way of a claim in intentional infliction of emotional distress, each of them would have to be judged on the facts.

On the point of severity, plaintiff alleges she suffered "severe mental and emotional distress including, but not limited to, despair, anxiety, dis-

gust, anger, pain, depression, fear, dread, and hopelessness." As in *Russo* this:

> plaintiff [has] alleged that she suffered "severe emotional distress" and "extreme emotional distress." But, even on demurrer, the court is not barred by such conclusory allegations when the issue involves, as here, a mixed question of law and fact. This is not a negligence case where, according to Rule 2:16(b), an allegation of "negligence" is sufficient without specifying the particulars. In the present claim, a plaintiff must allege all facts necessary to "establish" the cause of action. *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989) (trial court erred in failing to sustain demurrer to count in motion for judgment alleging intentional infliction of emotional distress).

*Russo v. White, supra* at p. 28. Although, plaintiff also alleges that defendant's conduct was "reckless" and that he knew or should have known that plaintiff would suffer severe emotional harm, she has not alleged that defendant has a specific design to inflict mental hurt. Most importantly, as in *Russo*, plaintiff has failed to delineate for purposes of this claim "the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it." *Id*. The demurrer to plaintiff's Amended Motion For Judgment is, therefore, sustained.

Since the court previously sustained a demurrer to this claim by consent and plaintiff has now repleaded, on examination of the facts alleged by this second Motion For Judgment, plaintiff has not stated any more facts to make her claim of intentional infliction of emotional distress legally cognizable. Therefore, plaintiff shall not have leave to amend again.

A copy of the order sustaining the demurrer and dismissing plaintiff's Amended Motion For Judgment with prejudice entered today and noting plaintiff's exceptions is enclosed.