## CIRCUIT COURT OF FAIRFAX COUNTY

7600 Limited Partnership
and Guy Beatty

v.

QuesTech, Inc.

May 22, 1996

Case No. L148381

By Judge Dennis J. Smith

Plaintiffs 7600 Limited Partnership and Guy Beatty claim in their Motion for Judgment *inter alia* that Defendant Ques Tech, Inc., abused process by its conduct in previous litigation between the parties, and it engaged in malicious prosecution by pursuing four previous frivolous suits and a baseless counterclaim against Plaintiffs.[1] Defendant filed a Demurrer and Plea in Bar, and this Court ruled on several issues after argument on May 2, 1996. This Court chose to take Defendant's Demurrer to Count I, "Abuse of Process," under advisement. After considering the arguments of counsel and the authorities cited, the Court sustains the Defendant's Demurrer to Count I of the Motion for Judgment with leave to amend within 14 days of entry of the Order.

Abuse of process lies for an improper use of process after process has been issued, i.e., after a suit has been initiated. *Donohoe Construction Co. v. Mount Vernon Assoc.*, 235 Va. 531, 540 (1988). The elements of abuse of process include "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Id.* at 539-40. The Virginia Supreme Court stated in *Donohoe*:

---

[1] This Court will refer to the previous litigation as follows: "The First Lawsuit," L102387; "Validity Suit," L118838; "Sublease I Case," L122149; "Sublease II Case," L130521; and "The Square Footage Case," L131600.

The distinctive nature of malicious abuse of process lies in the perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended. A legitimate use of process to its authorized conclusion, *even when carried out with bad intention*, is not a malicious abuse of that process. Process is maliciously abused when it is used oppressively, e.g., as "a whip to force the payment of an alleged indebtedness," or as a means of extortion. The gravamen of the tort lies in the abuse or the perversion of the process after it has been issued. Consequently, "it is not necessary to allege or prove that the process was maliciously [issued]."

*Id.* (emphasis added) (internal citations omitted).

The Virginia Supreme Court has found that a plaintiff sufficiently alleged abuse of process where the defendant had properly filed an ethics complaint with the State Bar regarding plaintiff-lawyer's conduct in a divorce action, but defendant then improperly conducted depositions related to the ethics complaints in the divorce action. *Ely v. Whitlock*, 238 Va. 670, 676 (1989). The Court found defendant's actions were an improper use of process because the depositions bore no relation to the divorce case. *Id.* An abuse of process claim does not lie where plaintiff demonstrates that defendant had an ulterior motive for its actions, but defendant's actions themselves are a proper part of the pending action. *Glidewell v. Murray-Lacy*, 124 Va. 563, 569-71 (1919); *see also Donohoe*, 235 Va. at 540. In *Glidewell*, one party caused a criminal misdemeanor warrant to be properly issued against defendant with the ulterior motive of collecting a private debt and then agreed to dismiss the warrant if the defendant agreed to execute a new note to satisfy the debt. *Id.* The Court found that while an ulterior motive existed for the issuance of the warrant, there was no abuse of process as the agreement to dismiss the criminal warrant was proper under a statute which authorized private adjustments between parties immediately concerned in misdemeanors for which a civil remedy also existed. *Id.* The Court explained: "While it cannot be wrong to do a lawful act in a lawful way, it is a wrong to do a lawful act in an unlawful way. It is the unlawful method by which the act is done that gives rise to the action . . . ." *Id.* at 571. As the action was lawfully done in a lawful manner, the plaintiff could not pursue an action for abuse of process regardless of the existence of any ulterior motive.

Overall, it appears that under Virginia law, abuse of process only lies where, after legal process to initiate a case has been issued, a party pos-

sessed an ulterior motive, *and* that party used legal process in a manner "not proper in the regular prosecution of the proceedings," e.g., where the party conducted a "lawful act in an unlawful way." *Id.* Under this narrow definition, none of the Plaintiffs' allegations constitute an abuse of process. Defendant's Demurrer to Count I does not dispute that an ulterior motive was alleged but argues that Plaintiffs did not allege "an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe*, 235 Va. at 539. Plaintiffs argue that Defendant abused process by prosecuting the Sublease I, Sublease II, and Square Footage cases to use them as a "whip" to force the release of Defendant's indebtedness under a lease and to cause Plaintiffs to lose their ownership interest in the property Defendant leased. This is an allegation of an ulterior motive but not that the Defendant's acts were unlawful or lawful acts done unlawfully.

Plaintiffs also assert that Defendant abused process by splitting its claims and prosecuting several independent lawsuits when it could have filed one suit. Under Virginia law, an abuse of process can only apply after process has been issued, i.e., after a case has been initiated. Initiating and prosecuting a baseless suit or splitting claims to initiate and prosecute separate suits may warrant sanctions or constitute a claim of malicious prosecution, but these acts cannot constitute abuse of process. *See Donohoe*, 235 Va. at 540 ("Malicious prosecution differs from abuse of process in that malicious prosecution lies for 'maliciously causing process to issue,' *Glidewell*, 124 Va. at 570, while abuse of process 'lies for the improper use of process after it has been issued,' *id.*").

Next, Plaintiffs claim that Defendant's misrepresentations to the Court constitute an abuse of process. For example, Plaintiffs allege that Defendant instructed the Court it would call a specific expert witness in an attempt to avoid summary judgment, but at trial, Defendant failed to identify or proffer any expert witness. Plaintiffs allege that Defendant stated to the Court that its Senior Vice President, Norman Singer, would not be a witness in the case to allow Singer to remain in the courtroom during trial, but Defendant then called Singer as its first witness. Neither party has cited any cases discussing oral misrepresentations to the Court as constituting abuse of process.[2] While a party's misrepresentation to the court is a serious offense and would certainly authorize the court to sanction such

---

[2] Plaintiffs have cited two cases from other jurisdictions where courts stated that misrepresentations represent an abuse of judicial process. In each case, however, the court

party, nevertheless, in the context of this case, the misrepresentations alleged by Plaintiffs do not constitute abuse of process. A misrepresentation is not a "regularly-issued process" which is used improperly "to accomplish some ulterior purpose for which the procedure was not intended." *Donohoe*, 235 Va. at 539. Misrepresentations do not fit within the definition of abuse of process in Virginia.

Plaintiffs assert that Defendant sought to add the Plaintiffs' lender as a party to earlier cases but then sought to vacate the order adding the lender and thereafter opposed the lender's petitions to intervene in the litigation. Again, the allegations regarding Defendant's conduct do not constitute evidence of abuse of process. Defendant had every right to seek to add the lender as a party and then to request that the order be vacated. These acts are "lawful acts [done] in a lawful way" and constitute a legitimate use of process, even though they may have been carried out with bad intention. *Glidewell*, 124 Va. at 571; *Donohoe*, 235 Va. at 540.

Finally, Plaintiffs claim that Defendant abused process by withholding rent in October, November, and December, 1993, and January, 1994, in an attempt to force Plaintiffs to settle two suits. These allegations do not demonstrate an abuse of process. Assuming the truth of these allegations, as necessary on demurrer, they are not actions in the litigation or judicial process even though they were intended to have an impact upon the litigation. These actions do not fit within the meaning of "process." "The word 'process,' as used in the tort of 'abuse of process,' encompasses the entire range of procedures incident to the *litigation process*." *Nienstedt v. Wetzel*, 133 Ariz. 348, 651 P.2d 876, 880 (1982) (emphasis added).

In conclusion, this Court sustains Defendant's Demurrer as to Count I, Abuse of Process, without prejudice and with leave to amend within fourteen days of entry of the order.

---

spoke of the misrepresentation as an abuse of process generally, supporting dismissal of other substantive claims. Neither case dealt with a tort "abuse of process" claim.