**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THOMAS T. PROUSALIS, JR.,
         *Plaintiff-Appellant,*

v.

MICHAEL T. JAMGOCHIAN; DAVID G.
WHITWORTH, JR.; WHITWORTH, SMITH
& TRUNNEL, PA,
         *Defendants-Appellees,*

and

MARK D. OLSON; WILSON, HALBROOK
& BAYARD,
         *Defendants.*

No. 02-1014

Appeal from the United States District Court
for the Eastern District of Virginia at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-01-855-A)

Submitted: May 28, 2002

Decided: June 20, 2002

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Thomas T. Prousalis, Jr., Appellant Pro Se. Geoffrey Martin Bohn, CUNNINGHAM & ASSOCIATES, Arlington, Virginia; Paul Dennis

Krause, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Thomas T. Prousalis, Jr., an attorney proceeding pro se, appeals the district court's order dismissing his civil action for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). He also appeals the court's denial of his motion for costs and legal fees under Fed. R. Civ. P. 4(d)(2). We affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997). We accept the complainant's well-pleaded allegations as true and view the facts in the light most favorable to the non-moving party. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Prousalis' complaint alleged malicious abuse of process, malicious prosecution, conspiracy under the Virginia Business Conspiracy Statute, and civil conspiracy. Virginia law applies to each claim. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). In his complaint, Prousalis alleged the Appellees filed two frivolous complaints against him alleging, inter alia, legal malpractice in a malicious effort to "humble and embarrass" him. These actions, Prousalis further claimed, resulted in damage to his "reputation, trade, business and profession." We find Prousalis failed to state a claim upon which relief may be granted under any of the legal theories advanced in his complaint. *See Ross v. Peck Iron & Metal, Co.*, 264 F.2d 262, 268 (4th Cir. 1959) (holding regular use of process cannot constitute abuse of process); *Ely v.*

*Whitlock*, 385 S.E.2d 893 (Va. 1989) (holding damage to an attorney's livelihood is a natural consequence of disciplinary proceedings and, as such, cannot satisfy the special injury requirement of a malicious prosecution claim stemming from a civil proceeding); *Fox v. Deese*, 32 S.E.2d 699 (Va. 1987) (holding an attorney is an agent of the client and therefore cannot conspire with the client). Accordingly, we affirm the district court's order dismissing these claims for failure to state a claim upon which relief may be granted.

Prousalis next contends the district court erred in denying his Rule 4 motion for costs and attorney's fees. Rule 4 provides:

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause shown . . . . The costs to be imposed . . . for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service . . . together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Rule 4(d)(2), (5). We find attorney's fees are not available under Rule 4(d)(2) or (5) to an attorney proceeding pro se. Accordingly, we affirm the district court's order denying Prousalis' Rule 4 motion as to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432 (1991); *Falcone v. IRS*, 714 F.2d 646 (6th Cir. 1983).

Prousalis' pro se status does not, however, affect his entitlement to collect the costs of personal service if taxing of such costs is otherwise appropriate under Rule 4. Prousalis claimed Appellees failed to waive service of process after receiving proper notice and request for waiver. The Appellees claim good cause supports their failure to waive service. The district court denied Prousalis' motion for costs without making factual or legal findings on Prousalis' motion for costs and the Appellees' defense of good cause. Because the record is insufficient for appellate review as to the denial of costs, we vacate the district court's order denying Prousalis' Rule 4 motion for costs and remand for further proceedings on this issue.

We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*

*IN PART, AND REMANDED*