Terry Risal et al.

v.

SCI Virginia
Funeral Service, Inc., et al.

November 19, 2010

Case No. CL-2009-18167

By Judge Charles J. Maxfield

Defendants SCI Virginia Funeral Services, Inc., Arlington Funeral Home, Inc., SCI Virginia Funeral Services, Inc., d/b/a Arlington Funeral Home, and SCI Virginia Funeral Services, Inc., d/b/a National Funeral Home Crematory, demur to all counts of the Complaint. Counts IV and V were addressed on October 1st. The challenges to Counts I through III were taken under advisement. For the reasons that follow, the demurrer is sustained with leave to amend within twenty-one days.

### Alleged Facts

Plaintiffs Terry Risal et al. bring this action against SCI Funeral Services, Inc., et al. for damages connected with funeral services for Shanker Risal, Plaintiffs' relative. The contract for funeral arrangements included an open casket service on December 27, 2007. As Plaintiffs arrived prior to the service, they discovered that the man in the casket and dressed in Shanker Risal's clothes was not their relative but an unrelated man. Employees of the Defendants, with assistance of family members, later found Shanker Risal's body in an off-site storage facility. He was in hospital clothing and unprepared for the funeral. The funeral service was delayed for hours.

Plaintiffs seek damages for "great shame, embarrassment, and distress, resulting in immediate and lasting physical and emotional manifestations." (Compl. ¶ 45.) They further allege that "each and every

one, suffered shock, severe mental anguish, physical sickness, humiliation, embarrassment, severe and protracted emotional distress, [and] unlawful invasion of a relatives right to bury. . . ." (Compl. ¶ 46.) No specific monetary damages are pleaded.

The counts at issue are Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress and Unlawful Invasion of Relative's Right to Bury. Defendants demur to the three counts as impermissible attempts to turn a breach of contract claim into a tort under the economic loss doctrine. Furthermore, if a non-contractual tort duty is found, Defendants maintain that the pleadings state no cause of action.

## Analysis

In determining whether the economic loss doctrine precludes an action in tort, the Court must look to the source of the duty violated. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). Under the economic loss doctrine, the inquiry for the Court is whether the defendant breached a duty independent of that assumed under the contract. *Abi-Najm v. Concord Condominium, L.L.C.*, 280 Va. 350, 699 S.E.2d 483, 2010 Va. LEXIS 229, *14 (2010). Other decisions applying the economic loss doctrine seem to focus more on the damages claimed than the source of the duty:

> The controlling policy consideration underlying tort law is the safety of persons and property, the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand and economic losses on the other.

*Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988).

Regardless of the focus of the inquiry, this case survives the economic loss doctrine. Virginia has found a specific quasi-property right in a relative's dead body. *Sanford v. Ware*, 191 Va. 43, 48, 60 S.E.2d 10, 12 (1950). This right is independent of any contract between the parties concerning the body's handling or disposal. 191 Va. at 47-48, 60 S.E.2d at 12. Thus, a negligent or intentional act regarding the dignity or burying of a close relative will support an action in tort. *Id.*

This, however, does not end the inquiry. Actions for mishandling a body, negligent infliction of emotional distress, and intentional infliction of emotional distress have specific pleading and/or damage requirements.

Actions for negligent infliction of emotional distress are not actionable unless the claim for emotional disturbance is accompanied by physical injury. *Hughes v. Moore*, 214 Va. 27, 34, 197 S.E.2d 214, 219 (1973). Physical injury must be pleaded with specificity; "conclusional allegation[s]" are insufficient. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 138, 523 S.E.2d 826, 834 (2000). Tortious invasion of a property right in a dead body also requires actionable physical injury or pecuniary damages before there can be a recovery for mental or emotional distress. *Sanford*, 191 Va. at 50-51, 60 S.E.2d at 13-14. In this case, Plaintiffs' allegations of physical injury are indistinguishable from those made in *Delk* and, therefore, lack the requisite detail to support the claims. In addition, no actual pecuniary damages are pleaded. The demurrers to Counts I and III are sustained.

The remaining count pleads intentional infliction of emotional distress. Four elements must be shown.

> One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

*Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974).

The four elements must be asserted with a "requisite degree of specificity." *Delk*, 259 Va. at 136, 523 S.E.2d at 833. As this is not a negligence case, "plaintiff must allege all facts necessary to establish a cause of action." *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893, 897 (1989). In a case of this nature, the plaintiff must plead facts that the alleged conduct was directed toward the affected individual, intentionally or recklessly. The only facts pleaded are that the Defendants prepared the wrong body and were unable, without the assistance of the family, to locate the deceased. These facts, if proven, do not amount to reckless or intentional conduct directed toward the Plaintiffs.

Furthermore, intentional infliction of emotional distress is a disfavored tort. Damages must exceed "emotional distress." Damages must exceed shock, mental suffering, mental anguish, humiliation, horror, nausea, embarrassment, or grief. "[L]iability arises only when the emotional distress is extreme and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160, 163 (1991). The pleadings in this case are indistinguishable from those in *Russo*. The demurrer Count II is sustained.