MARINA SHORES, LTD.

v.

COHN-PHILLIPS, LTD.

Record No. 921611

COHN-PHILLIPS, LTD.

v.

MARINA SHORES, LTD.

Record No. 921627

September 17, 1993

Present: All the Justices

*J. Gray Lawrence, Jr. (Howell, Daugherty, Brown & Lawrence,* on briefs), for appellant. (Record No. 921611)
*Carl W. Isbrandtsen* for appellee. (Record No. 921611)
*Carl W. Isbrandtsen* for appellant. (Record No. 921627)
*J. Gray Lawrence, Jr. (Howell, Daugherty, Brown & Lawrence,* on brief), for appellee. (Record No. 921627)

JUSTICE STEPHENSON delivered the opinion of the Court.

In these multi-issue appeals, the dispositive issue is whether a restaurant lease was effectively terminated because the lessee defaulted in the payment of rent.

Marina Shores, Ltd. (Marina Shores) filed an unlawful detainer action against Cohn-Phillips, Ltd. (Cohn-Phillips) to obtain possession of certain restaurant premises and to recover damages. Marina Shores alleged, *inter alia,* that Cohn-Phillips was in default under the lease for failing to pay rent. Cohn-Phillips denied it was in default and filed three counterclaims, alleging that Marina Shores breached the lease, tortiously interfered with Cohn-Phillips' business expectancy, and conspired with others to willfully and maliciously injure Cohn-Phillips' business in violation of Code §§ 18.2-499 and -500.

Prior to trial, both parties filed motions for summary judgment. Marina Shores moved for summary judgment on the ground that

Cohn-Phillips' failure to pay rent for the months of April and May 1991 "constituted a default and breach of the . . . lease and entitle[d] Marina Shores to judgment as a matter of law, and [to] immediate possession of the premises." Cohn-Phillips moved for partial summary judgment on the ground that the lease had not been terminated effectively for nonpayment of rent and, therefore, that the unlawful detainer action, based upon failure to pay rent, was not maintainable. The trial court denied Marina Shores' motion for summary judgment and granted Cohn-Phillips' motion for partial summary judgment.

After a 17-day trial on the counterclaims, the jury returned verdicts in favor of Cohn-Phillips as follows: for breach of contract, $43,000 in damages; for tortious interference, $120,000 compensatory damages and $480,000 punitive damages; and for conspiracy, $400,000 compensatory damages, trebled by statute to $1.2 million. Thereafter, the trial court set aside the conspiracy verdict, reduced the punitive damages award to the $350,000 limit prescribed by Code § 8.01-38.1, awarded Cohn-Phillips $60,367.50 for attorney's fees, and entered judgments accordingly. We awarded an appeal to each party.

The facts germane to the dispositive issue are undisputed and may be stated briefly. On October 5, 1990, Marina Shores, as lessor, and Cohn-Phillips, as lessee, entered into a lease of certain premises for use as a restaurant. The original term of the lease was 15 years, commencing January 1, 1991. The lease provided that Cohn-Phillips should pay to Marina Shores, without demand, the agreed rent on the first of each month for the prior month.

Paragraph 11 of the lease, entitled "Defaults; Remedies," provided, in pertinent part, the following:

(a) Defaults. The occurrence of any one or more of the following events shall constitute a default and breach of the Lease by [Cohn-Phillips]:

. . . .

(2) The failure by [Cohn-Phillips] to make any payment of rent . . . as and when due.

. . . .

(b) Remedies. In the event of any such default or breach by [Cohn-Phillips], [Marina Shores] may at any time thereafter, with or without notice or demand and without limiting [Marina Shores] in the exercise of any right or remedy which [Marina Shores] may have by reason of such default or breach:

(1) Terminate [Cohn-Phillips'] right to possession of the Premises by any lawful means, in which case this Lease shall terminate and [Cohn-Phillips] shall immediately surrender possession of the Premises to [Marina Shores].

The lease agreement also provided that the failure of Cohn-Phillips to observe any covenant, condition, or provision of the lease, *other than nonpayment of rent*, shall constitute a default and breach of the lease, if such failure continued for a period of thirty days after written notice thereof.

Cohn-Phillips failed to pay the rent due on May 1 and June 1, 1991, for the months of April and May. On June 2, 1991, Marina Shores' counsel wrote a letter to Cohn-Phillips terminating the lease for nonpayment of rent. On June 3, upon receipt of the letter, Cohn-Phillips tendered the delinquent rent. Marina Shores, however, refused to accept the rent and instituted the unlawful detainer action.

Marina Shores contends that, under the terms of the lease, nonpayment of rent constituted a default and breach of the lease that entitled it to terminate the lease. On the other hand, Cohn-Phillips contends, and the trial court held, that the letter from Marina Shores' counsel was not a "lawful means" of terminating the lease and that Marina Shores was required to comply with the five-day notice provision contained in Code § 55-225.[1] We do not agree with Cohn-Phillips.

■ The parties' contract becomes the law of the case unless it is violative of some rule of law or against public policy. *Winn* v. *Aleda Const. Co.*, 227 Va. 304, 307, 315 S.E.2d 193, 194 (1984). When

---

[1] Code § 55-225 provides, in pertinent part, as follows:

If any tenant or lessee of premises in a city or town . . . , being in default in the payment of rent, shall so continue for five days after notice, in writing, requiring possession of the premises or the payment of rent, such tenant or lessee shall thereby forfeit his right to the possession. In such case the possession of the defendant may, at the option of the landlord or lessor, be deemed unlawful, and he may proceed to recover [possession].

the terms of a contract are clear and unambiguous, the terms will be given their plain and ordinary meaning. *Marriott Corp.* v. *Combined Properties*, 239 Va. 506, 512, 391 S.E.2d 313, 316 (1990).

■ In the present case, the contracting parties, in clear and unambiguous language, agreed that nonpayment of rent would constitute a default and breach of the lease. The parties further agreed that, in the event of such default, as distinguished from other defaults, Marina Shores, ''with or without notice or demand,'' could ''[t]erminate [Cohn-Phillips'] right to possession . . . by any lawful means,'' in which case the lease would terminate. Cohn-Phillips was in default for failure to pay rent as agreed, and Marina Shores, by letter, notified Cohn-Phillips that the lease was terminated. Clearly, the letter was a ''lawful means'' of terminating the lease within the meaning and intendment of the lease agreement. Therefore, the provisions of Code § 55-225 were not applicable. *See Jabbour Bros.* v. *Hartsook*, 131 Va. 176, 185, 108 S.E. 684, 686-87 (1921).

■ As stated by Cohn-Phillips on brief, all damages claimed for breach of contract, tortious interference with a business expectancy, and conspiracy were ''for the time period commencing June 3 [, 1991,] and continuing on up to the date of trial.'' Before any alleged damages were sustained, however, the lease had been lawfully terminated by Marina Shores because of Cohn-Phillips' default and breach. Therefore, all rights that may have arisen by virtue of the lease had been terminated. Thus, Cohn-Phillips' claims have no merit.

Accordingly, we will reverse the trial court's judgment in Record No. 921611 and enter final judgment in favor of Marina Shores, and we will affirm the trial court's judgment in Record No. 921627.

*Record No. 921611 - Reversed and final judgment.*
*Record No. 921627 - Affirmed.*