## CIRCUIT COURT OF WARREN COUNTY

Saul Colodny et al.

v.

Wines Construction, Inc., et al.

March 29, 1994

Case No. (Law) 93–62

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Demurrer of Defendant Wines Construction to the Plaintiffs' Motion for Judgment. Wines has demurred to the Motion for Judgment on numerous grounds, and Wines and the Plaintiffs have filed Memoranda of Authorities in support of their respective positions. Upon consideration whereof, the Court has made the following decision to grant the Demurrer in part and to deny it in part.

### I. *Statement of Material Pleaded Facts*

In their Amended Motion for Judgment, the Plaintiffs have pleaded the following material facts.

On February 24, 1991, Plaintiff Saul Colodny entered into a residential contract of purchase with Defendant Wines for the construction of a single family home on lot T-25 in Apple Mountain Lake Subdivision in Warren County.

The contract of purchase is on a form "Virginia Association of Realtors Residential Contract of Purchase" and is attached as Exhibit A to the Amended Motion for Judgment. The Plaintiff Sandra Colodny is not a party to this contract. The contract contains no provisions for the construction of a residence, and paragraph J of the contract contains an integration clause.

In paragraphs 6 and 7 of the amended motion for judgment, the plaintiffs allege that they entered into a contract with Wines for the construction of a residence and garage.

The Defendant Lowes supplied a substantial portion of the construction materials for the construction of the Wine residence.

On August 8, 1991, a deed was executed whereby Wines conveyed the property to the Plaintiffs.

After occupying the premises, the Plaintiffs claimed that they discovered numerous defects in the property which are set forth in paragraph 11 of the Motion for Judgment.

A major defect about which the Colodnys complain is that they claim that their home was erected on top of a spring without adequate provision being made for diverting its flow which is causing continuing seepage into their basement. Amended Motion for Judgment paragraph 14.

The Colodnys have filed a five count Motion for Judgment. Count I asserts a breach of contract claim against Wines, Count II asserts a negligence claim against Wines, Count III asserts a statutory breach of warranty claim against Wines, Count IV is a breach of warranty claim against Defendant Lowes only, and Count V asserts a fraud claim against Wines only.

Defendant Wines has filed a Demurrer to the Amended Motion for Judgment demurring to all the Counts asserted by the Plaintiffs against the Defendant Wines.

Wines demurred to Count I on the ground of Misjoinder claiming that Plaintiff Sandra Colodny was not a party to the contract upon which Count I is based. Defendant Wines also demurs on the basis that the contract complained of was merged into the deed of August 8, 1991, and further demurs to the damage claim based on Count I on the

basis that Colodny is not entitled to recover both the cost of repairs and the diminution in market value, consequential damages including emotional damages, attorney's fees and costs for breach of the contract, nor any equitable relief.

Defendant Wines demurs to Count II of the Motion for Judgment on the basis there are no duties owed to Plaintiffs under the contract which would give rise to a tort action.

Defendant Wines demurrers to the damage claim under Count II charging that as a matter of law the Plaintiffs are entitled to recover the lesser of the cost to repair or diminution in value.

Defendants have demurred to the fraud count and the accompanying claim for punitive damages on the basis that an independent tort has not been pleaded.

## II. *Conclusions of Law*

In considering a demurrer the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). The Supreme Court recently reviewed the principles governing the trial court's ruling on a demurrer in *CaterCorp v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993), in which it stated:

> "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Flippo v. F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991).
>
> When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. *Hunter v. Burroughs*, 123 Va.

113, 129, 96 S.E. 360, 365 (1918). And, even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars. *Alexander v. Kuykendall*, 192 Va. 8, 14–15, 63 S.E.2d 746, 749–50 (1951).

These principles govern the Court's ruling on the demurrer.

Whether a contract is ambiguous or incomplete is a question of law. *See Ross v. Craw*, 231 Va. 206, 213, 343 S.E.2d 312 (1986). The Supreme Court of Virginia has long followed the plain meaning rule in cases of contract construction, and recent cases indicate that there is no trend toward relaxation of that rule. *See Marina Shores, Ltd. v. Cohn-Phillips, Ltd.*, 246 Va. 222, 435 S.E.2d 136 (1993); *Clinch Valley Physicians v. Garcia*, 243 Va. 286, 414 S.E.2d 599 (1992); and *Graphic Arts Mutual Ins. Co. v. C. W. Warthen Co.*, 240 Va. 457, 459–460, 397 S.E.2d 876 (1990). The Realtor form contract in question would appear to be complete and unambiguous insofar as the obligations of the parties under that agreement are concerned, and Sandra Colodny is not a party to the form contract, nor is she an intended beneficiary of the contract. Therefore, she may maintain no action against the Defendant Wines for breach of the February 24, 1991, realtor contract between her husband Saul Colodny and the Defendant Wines.

In real estate transactions, there are frequently collateral agreements. *See* 12B M.J., *Merger*, § 2; and *Miller v. Reynolds*, 216 Va. 852, 223 S.E.2d 883 (1979) (contract and deed provisions). "The court must give effect to all of the language of a contract if its parts can be read together without conflict. Where possible, meaning must be given to every clause. The contract must be read as a single document." *Miller v. SEVAMP, Inc.*, 234 Va. 462, 466–67 362 S.E.2d at 917–18 (1987). Drawing all inferences in favor of the pleading, there may have been an oral construction contract with Saul Colodny as alleged by the Plaintiffs in paragraphs 6 and 7 of the amended motion for judgment to which the merger by deed doctrine would not apply.

The Supreme Court of Virginia recently had occasion to discuss the concept of cause of action in *Trout v. Commonwealth Transp. Commissioner*, 241 Va. 69, 73, 400 S.E.2d 172 (1991):

An "action" and a "cause of action" are quite different. "Action" is defined by Code § 8.01–2, as noted above. We define "cause of action" in *Roller v. Basic Construction Co.*, 238 Va. 321, 327, 384 S.E.2d 323, 326 (1989), as "a set of operative facts which under the substantive law, may give rise to a right of action."

As can be seen, Virginia follows the transactional rule set forth in the Restatement of Judgments 2d, § 24, for purposes of defining "cause of action." One "cause of action" may give rise to myriad rights of action, e.g., breach of contract, breach of warranty, negligence, and statutory claims; however, if the rights of action arise from the same operative set of facts and could legally be asserted therein, they are all the same "cause of action." "There can be no right of action until there is a cause of action. *Caudill v. Wise Rambler*, 210 Va. 11, 13 168 S.E.2d 257, 259 (1969)." A motion for judgment is not demurable on the grounds of misjoinder simply because, all rights of action asserted do not apply to all of the defendants. If the Plaintiffs prove that there was a fraud committed on Sandra Colodny, then she may assert a right of action based on that fraud in this action.

Paragraph J of the Realtor form contract expressly provides that: "[A]ll . . . provisions of this contract shall be merged into the deed delivered at settlement and shall not survive settlement." Therefore, to the extent that Count I is based solely on a breach of the Realtor form contract, the demurrer based on merger by deed is sustained, but it is denied as to all other rights of action.

In Virginia, a "building contractor has the implied contractual duty to build a house in a workmanlike manner. *Mann v. Clowser*, 190 Va. 887, 901, 59 S.E.2d 78, 84 (1950). Thus, the building contractor defaults in the performance of his contract if he furnishes defective materials or workmanship . . . ." *Clevert v. Jeff W. Soden, Inc.*, 241 Va. 108, 111, 400 S.E. 2d 181 (1991). "As a general rule, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner, and a negligent failure to observe any of those conditions is a tort, as well as a breach of contract." 57A Am. Jur. 2d, *Negligence*, § 120. *Accord Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628 (1993); and *Miller v. Quarles*, 242 Va. 343, 347, 410 S.E.2d 639 (1910). The demurrer as to Count II should be denied.

There is no implied warranty in the sale from a builder vendor of a newly constructed home except the statutory warranties implied by Virginia Code § 55–70.1 which is the subject matter of Count III of the Motion for Judgment against Wines. *Bruce Farms, Inc. v. Coupe*, 219 Va. 287, 247 S.E.2d 400 (1978). The sale from Wines to Colodny is subject to the provisions of Va. Code § 55–70.1, which provides as follows:

> A. In every contract for the sale of a new dwelling, the vendor shall be held to warrant to the vendee that, at the time of the transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling with all its fixtures is, to the best of the actual knowledge of the vendor or his agents, sufficiently (i) free from structural defects, so as to pass without objection in the trade, and (ii) constructed in a workmanlike manner, so as to pass without objection in the trade.
>
> B. In addition, in every contract for the sale of a new dwelling, the vendor, if he be in the business of building or selling such dwellings, shall be held to warrant to the vendee that, at the time of transfer of record title or the vendee's taking possession, whichever occurs first, the dwelling together with all its fixtures is sufficiently (i) free from structural defects, so as to pass without objection in the trade, (ii) constructed in a workmanlike manner, so as to pass without objection in the trade, and (iii) fit for habitation.

Therefore, Saul Colodny may maintain an action for breach of these warranties as set forth in Count III, but Sandra may not because she was not a party to the form Realtor contract of sale, which is the "contract for the sale of a new dwelling."

### Elements of Fraud

*In Bryant v. Peckinpaugh*, 241 Va. 172, 175–176, 400 S.E.2d 201 (1991), the Supreme reviewed the elements of a viable fraud action:

> A litigant who prosecutes a cause of action for actual fraud must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Winn v.*

*Aleda Construction Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). *See also Wolford v. Williams*, 195 Va. 489, 498, 78 S.E.2d 660, 665 (1953); *Ashby v. Red Jacket Coal Corp.*, 185 Va. 202, 207, 38 S.E.2d 436, 439 (1946); *Chandler v. Satchell*, 160 Va. 160, 171–72, 168 S.E. 744, 748 (1933); *Moore v. Gregory*, 146 Va. 504, 523, 131 S.E. 692, 697 (1925) . . . .

We said in *Greenbrier Farms v. Clark*, 193 Va. 891, 894, 71 S.E.2d 167, 169 (1952): "The object of a motion for judgment . . . is to set forth the facts which constitute the cause of action so that they may be understood by the defendant who is to answer them, by the jury who are to ascertain whether such facts exist, and by the court which is to give judgment."

*See also Bergmueller v. Minnick*, 238 Va. 332, 336–337, 383 S.E.2d 772 (1989) (innocent misrepresentation that a successful perc had been made on the property, when that was untrue, may constitute fraud). "Concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud." *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 S.E.2d 592 (1984). In *Ware v. Scott*, 220 Va. 317, 257 S.E.2d 855 (1979), the sellers failure to disclose that their house was subject to flooding was held to be fraud in the inducement of the contract of sale. Therefore, Count V of the Motion for Judgment alleging fraud will withstand demurrer.

### Actual Malice or Wanton Disregard of the Plaintiff's Rights must be Proven to Recover Punitive Damages

In fraud actions as in other civil actions, if the Defendants acted "with actual malice toward the plaintiffs or acted under the circumstances amounting to a *willful and wanton disregard of the plaintiffs' rights* . . . " (emphasis added) then punitive damages may be awarded. Model Jury Instruction No. 9.080. *See generally Avocet Development Corp. v. McLean Bank*, 234 Va. 658, 666, 364 S.E.2d 757 (1988) (fraud); *Jordan v. Suave*, 219 Va. 448, 451–453, 297 S.E.2d 739 (1978) (fraud); and *Evans v. Schuster*, 178 Va. 61, 16 S.E.2d 301 (1941) (wrongful distress action).

In some states under certain circumstances willful and wanton disregard of contractual rights or willful and deliberate deviation from the building code by the builder from the contract documents may justify the imposition of punitive damages. See generally, Annot., *Recovery of*

*Punitive Damages for Breach of Building or Construction Contract*, 40 A.L.R. 4th 110. However, Virginia does not follow this rule. In *Foreign Mission Board v. Wade*, 242 Va. 234, 240–241, 410 S.E.2d 384 (1991), the Supreme Court of Virginia held:

> Relying primarily on *Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983), *Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855 (1956), and *Spence v. Norfolk & W. R. Co.*, 92 Va. 102, 22 S.E. 815 (1895), the Wades assert that "breach of a duty imposed by contract provides the cause of action in tort, and proof of an independent, willful tort is only necessary for the award of punitive damages." The cases cited by the Wades establish the principle that punitive damages are recoverable only if an independent tort is pled and proved. They do not, however, stand for the proposition that the breach of a contractual duty constitutes an independent tort, the basis of a negligence action.
>
> *Wright* and *Kamlar* each addressed the propriety of an award of punitive damages in an action for breach of contract. We recognized that in certain circumstances the actions of the party breaching the contract can show "both a breach of the contract terms and a tortious breach of duty." *Kamlar*, 224 Va. at 705, 299 S.E.2d at 517. *But the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract. Spence*, 92 Va. at 116, 22 S.E. at 818 (emphasis added).

In this case the defects enumerated in paragraph 11 of the amended motion for judgment flow solely from the contractual relationship between the parties and do not rise to the level on an "independent, willful tort." The only exception to this is the water seepage which is also the subject of the Fraud Count. *Accord, Gasque v. Mooers*, 227 Va. 154, 313 S.E.2d 384 (1984); and *Goodstein v. Weinberg*, 219 Va. 105, 245 S.E.2d 140 (1978). In this case, the allegations of the motion for judgment do not plead an "independent, willful tort," except as to Count V, the fraud count. Therefore, Count V is the only count which may support an award of punitive damages.

*Parol Evidence Does Not Apply to Fraud in the Inducement of a Contract*

This ruling applies more to the evidence at trial than to the ruling on the demurrer. In *J. E. Robert Co. v. J. Robert Co., Inc.*, 231 Va. 338, 443–444, 343 S.E.2d 350 (1986), the Supreme Court discussed the application of the parole evidence rule to a fraud in the inducement of a contract case:

> *Shevel's* also points out exceptions to the parol evidence rule that have relevance here. There, we said that the rule does not bar proof of a prior or contemporaneous independent collateral agreement that is not inconsistent with the written contract. 228 Va. at 183, 320 S.E.2d at 343; *Pierce v. Plogger*, 223 Va. 116, 119, 286 S.E.2d 207, 209 (1982). Robert, Jr. maintained the oral agreement was a separate, collateral agreement. Consequently, there existed another ground upon which he should have been allowed to make out his defense.
>
> A further exception exists in situations where a contract is claimed to have been procured by fraud. In such situations, parol evidence has been allowed to establish the true agreement between the parties. 228 Va. at 183, 320 S.E.2d at 343–44; *Baker v. Berry Hill Co.*, 109 Va. 776, 782, 65 S.E. 656, 659 (1909). Here, Robert, Jr. also claimed that the oral agreement was used to induce the written agreement and that the written agreement was procured by fraud. By this approach, as well as the others, Robert, Jr. should have had the opportunity to prove, in his defense, the oral agreement.
>
> The cases relied on by Robert, Sr. on the parol evidence issue are all distinguishable. For example, in both *Walker & Laberge Co. v. Bank*, 206 Va. 683, 146 S.E.2d 239 (1966), and *Harvey v. R. F. & P. Ry. Co.*, 162 Va. 49, 173 S.E. 351 (1934), the trial courts heard evidence before concluding that the parol agreements were in direct contravention of the written agreements which the proponents of the parol evidence sought to overcome. The instant appeal involves silence in the written agreement, not direct contradiction between the contents of the writing and the alleged oral agreement.
>
> With regard to the fraudulent inducement issue, Robert, Jr. was required to prove that his father promised not to withhold

commissions from former salesmen, that at the time he made the promise he intended not to perform, and that the promise was made to induce Robert, Jr. to act to his detriment. *See Colonial Ford v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985); *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 351, 297 S.E.2d 647, 651–52 (1982); *Lloyd v. Smith*, 150 Va. 132, 145–47, 142 S.E. 363, 365–66 (1928). Moreover, Robert, Jr. was required to prove the alleged fraud by clear, cogent, and convincing evidence. *See Sea-Land Service, Inc.*, 224 Va. at 351, 297 S.E.2d at 651–52.

Whether the cost of repairs with diminution in value is the measure of damages for breach of a construction contract depends upon the facts in each case. In *APCO v. John Stewart*, 214 Va. 524, 535–536, 201 S.E.2d 758 (1974), the Supreme Court held that it was not error to instruct the jury on diminution in value even though the cost of repair was substantially less than the diminution in value claimed by the Plaintiffs, stating:

A successful plaintiff is entitled to recover those damages which are the natural and direct result of the breach of the contract." *Manss-Owens Co. v. H. S. Owens & Son*, 129 Va. 183, 201, 105 S.E. 543, 549 (1921). And "[the] object of the law in awarding damages is to make amends, or reparations, by putting the party injured in the same position, as far as money can do it, as he would have been if the contract had been performed." *Lehigh Portland Cement Co. v. Virginia Steamship Co.*, 132 Va. 257, 270, 111 S.E. 104, 109 (1922).

Whether the "value" formula or the "cost" formula is applicable "will depend on the facts and the circumstances of the particular case." *Mann v. Clowser*, 190 Va. 887, 905, 59 S.E.2d 78, 86 (1950). We have recognized application of the "value" formula in an appropriate case. *Barcroft Woods, Inc. v. Francis*, 201 Va. 405, 111 S.E.2d 512 (1959). The test is the nature of the motivation which induced the promisee to make the contract. If his primary interest was the value of the result performance would have produced, then the "value" formula is applicable; if performance itself, then the "cost" formula. G. Grismore, *Grismore on Contracts*, § 195 at 299 (rev. ed. J. Murray 1965).

However, the plaintiff is entitled to recover either the diminution in value or the cost of repair, but not both. *See generally* 22 Am. Jur. 2d, *Damages*, § 402.

Mental anguish is a person's mental reaction to a loss or injury, 22 Am. Jur. 2d, *Damages*, § 251; *accord Russo v. White*, 214 Va. 23, 27, 400 S.E.2d (1991), and it may be inferred from the nature of the injury or loss. *See, e.g., Bell v. Kirby*, 226 Va. 641, 645–646, 311 S.E.2d 799 (1984) (personal injury); and *Gamble v. Hill*, 208 Va. 171, 180, 156 S.E.2d 888 (1967) (wrongful death of young girl without direct proof of mental anguish). This is not an action for intentional infliction of emotional distress. In *Womack v. Eldridge*, 215 Va. 338, 343, 210 S.E.2d 145 (1974), the Supreme Court of Virginia adopted the following rules governing liability for emotional distress caused by a non-tactile tort:

> We adopt the view that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

In this case the Colodnys do not allege that the Defendants undertook acts incident to the contract "for the purpose of inflicting emotional distress upon them or that [they] knew or should have known that emotional distress would likely result . . ." and such allegations and proof "is necessary to establish a cause of action based on intentional infliction of emotional distress." *Ely v. Whitlock*, 238 Va. 670, 677, 385 S.E.2d 893 (1989); *accord, Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974); *see Ruth v. Fletcher*, 237 Va. 366, 373, 377 S.E.2d 412, 416 (1989). A plaintiff must allege all facts necessary to establish a cause of action, *see Knight v. Fourth Buckingham, etc.*, 179

Va. 13, 18, 18 S.E.2d 264, 266 (1942), and the Plaintiffs have not done so with respect to their claim of emotional harm.

"The usual remedy in an action for fraud is to restore the defrauded party to the position he held prior to the fraud." *Murray v. Hadid*, 238 Va. 722, 731, 385 S.E.2d 898 (1989). Damages for mental anguish and emotional distress are not recoverable in a fraud action, where there is no injury to the person, or a battery proximately resulting from the fraud. *See generally* 37 Am. Jur. 2d, *Fraud and Deceit*, § 342. The losses for which the Plaintiff seeks recovery are economic losses. *See Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988) (action for negligent design and supervision of construction of residence and pool). Therefore, the demurrer to the damage claim for emotional distress should be sustained.

Virginia has "consistently adhered to the 'American Rule': Ordinarily, attorneys' fees are not recoverable by prevailing litigants in the absence of a specific contractual or statutory provision to the contrary." *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380 (1989). Paragraph I of the form Realtor's contract provides for the recovery of attorney's fees, so if the Plaintiff recovers under Count I, he may recover his attorney's fees incurred incident to that claim. Moreover, the cost of pursuing the claim is a factor which the jury may consider incident to an award of punitive damages. *See Johnson v. Hugo's Skateway*, 974 F.2d 1408 (4th Cir. 1992) (applying Virginia Law).

To the extent that the motion for judgment seeks equitable relief, the demurrer is sustained.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The Demurrer as to all rights of action of Sandra Colodny except those of Count V, the fraud claim, is sustained.

2. To the extent that Count I is based on a breach of the Realtor form contract, the demurrer based on merger by deed is sustained, but it is denied as to all other rights of action.

3. The Demurrer based on the misjoinder of Sandra Colodny's fraud right of action is denied.

4. The Demurrer to Count II is denied.

5. The Demurrer to Count V of the Motion for Judgment alleging fraud is denied.

6. Demurrer to the prayer for punitive damages is sustained to all counts but Count V, the fraud claim.

7. The Demurrer that the Plaintiff may recover the lesser of the cost of repair or the diminution in value is denied, the Plaintiffs may recover the diminution in value or cost of repair, but not both.

8. The Demurrer to the damage claim for emotional distress is sustained.

9. The Demurrer to the attorney's fee claim is sustained, except as to Count I.

10. The Demurrer is sustained to the extent that the Plaintiffs claim equitable relief.