**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GALE M. LEVINE; MARINA SHORES,
LTD.,
Plaintiffs-Appellants,

v.

F. WAYNE McLESKEY,
Defendant-Appellee,

and

W. HAYES DAUGHTREY; COHN-
PHILLIPS, LTD.; MICHAEL F. BELL;

ISBRANDTSEN, FANCHER & JEFFORDS,
P.C.; CLARK & STANT, P.C.; MARION
B. GOODMAN, Employee of
Lynnhaven Dry Storage Marina,
Incorporated; CHARLES W. GUTHRIE,
Employee of Lynnhaven Dry
Storage Marina, Incorporated;
FENTON C. DAUGHTREY; CHARLES
COLLETT; DAVID I. LEVINE;
JERROLD G. WEINBERG,
Movants.

No. 95-1799

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CA-94-512-2)

Argued: December 4, 1995

Decided: December 31, 1998

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by published opinion. Judge Widener wrote the opinion, in which Judge Ervin and Judge Wilkins concurred.

_____

## COUNSEL

**ARGUED:** Wyatt B. Durrette, Jr., DURRETTE, IRVIN, LEMONS & BRADSHAW, P.C., Richmond, Virginia, for Appellants. Conrad Moss Shumadine, Walter DeKalb Kelley, Jr., WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellee. **ON BRIEF:** Arnold C. Moore, Jr., Barrett E. Pope, DURRETTE, IRVIN, LEMONS & BRADSHAW, P.C., Richmond, Virginia; J. Gray Lawrence, Jr., HOWELL, DAUGHERTY, BROWN & LAWRENCE, Norfolk, Virginia, for Appellants. Frank A. Edgar, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellee.

_____

## OPINION

WIDENER, Circuit Judge:

Plaintiffs Gale M. Levine (Levine) and Marina Shores, Ltd. (Marina Shores or the marina) appeal the grant of summary judgment in favor of defendant F. Wayne McLeskey (McLeskey) on all counts of a 15-count complaint alleging federal antitrust and various state law claims. We agree with the district court that the litigation which plaintiffs allege was objectively baseless was not sham, but hold that the court erred in deciding that the plaintiffs were collaterally estopped from relitigating facts found by a jury in a state court trial when those facts as found did not support a final judgment. Our decision requires that summary judgment be vacated on plaintiff Marina Shores' claims on Count II (Sherman Act, 15 U.S.C.§ 1), Count V (Virginia Antitrust Act, Va. Code § 59.1-9.5), and Count XV (Virginia Conspiracy Act) since that part of its judgment was essentially based on the same collateral estoppel. We affirm the district court's grant of summary judgment on Counts I, III, IV, that part of Count V based on the Virginia Antitrust Act, Va. Code§ 59.1-9.6, VII, VIII, IX, X, XII, and XIII for the reasons stated in its opinion, Levine v.

2

McLeskey, 881 F. Supp. 1030 (E.D. VA 1995). **1** We remand for further proceedings consistent with this opinion.

I.

There being no claim they are erroneous, we adopt the facts set forth in the district court's opinion, Levine , 881 F. Supp. at 1036-39, and summarize the following facts which are pertinent to this appeal.

Defendant McLeskey operates Lynnhaven Dry Storage Marina, Inc. (Lynnhaven Marina) which for many years has been the principal dry storage marina in its area of Virginia Beach, Va. In 1989, plaintiff Levine and her husband formed Marina Shores to develop a complex including dry boat storage, wet slips, stores, and a restaurant to compete with Lynnhaven Marina. Levine intended to build an apartment complex and shopping centers on nearby land following construction of the marina.

During construction, Levine entered into an agreement with one Norman Cohn to open and manage the marina's restaurant. Cohn named the restaurant Hoppers II and formed Cohn-Phillips, Ltd. to operate it. On October 5, 1990, Cohn-Phillips signed a 15-year lease for the restaurant that required monthly rental payments. To provide for equipment and start-up costs, Levine gave Cohn a credit line of approximately $95,000 that required Cohn to repay advances within two days of demand or lose the right to operate the restaurant. Levine explained repayment would be required when construction was complete.

Levine completed construction of the marina in April, 1991 and a few weeks later demanded Cohn repay the credit line. Needing money, Cohn approached McLeskey, who purchased 50% of Cohn Phillips. McLeskey and the Levines have had a long-standing dislike for each other that predates the current dispute.

_____

**1** Plaintiff Levine does not appeal the district court's ruling on her claims for defamation, Count VI, and intentional infliction of emotional distress, Count XI of the complaint.

When Cohn-Phillips failed to pay the rent due for April and May 1991, Marina Shores exercised its contractual right to terminate the lease on June 2, 1991. On June 3, 1991, Cohn-Phillips tendered the delinquent rent,[2] which was rejected, and refused to vacate, so on June 7, 1991, Marina Shores filed an unlawful detainer action in the circuit court of Virginia Beach, seeking possession and damages for mismanagement of the restaurant (the Hoppers case). Marina Shores contended Cohn-Phillips breached the lease not only by failing to pay rent but also by management acts or omissions that contravened the lease's requirements.[3] Cohn-Phillips counterclaimed, alleging that from June 3, 1991 to the date of trial, Marina Shores breached the lease, tortiously interfered with Cohn-Phillips' business expectancy, and conspired to injure Cohn-Phillips' business. Marina Shores, 435 S.E.2d at 138.

The circuit court of Virginia Beach granted partial summary judgment to Cohn-Phillips on the ground that the lease provision authorizing Marina Shores to terminate for non-payment of rent was invalid because it did not require Marina Shores to serve notice to pay or quit and then wait five days before seeking possession. 435 S.E.2d at 137-38. The case was tried on Marina Shores' other claims of breach and Cohn-Phillips' counterclaims. On April 1, 1992, the jury found in Cohn-Phillips' favor on all claims and awarded damages, although the circuit court set aside the conspiracy verdict.

On appeal, the Virginia Supreme Court reversed the judgment for Cohn-Phillips and held that Cohn-Phillips' failure to pay rent was a breach that, under the lease, entitled Marina Shores to terminate without notice or demand. 435 S.E.2d at 138. Since Cohn-Phillips' counterclaims were based on Marina Shores' conduct after terminating the lease, and therefore premised on the notion that the termination was improper, the Virginia Supreme Court's decision effectively vacated Cohn-Phillips' damage award. 435 S.E.2d at 138.

_____

[2] The date of the tender was stated by the Virginia Supreme Court in Marina Shores v. Cohn-Phillips, Ltd., 435 S.E.2d 136, 138 (Va. 1993).

[3] The district court details the factual allegations of Marina Shores' mismanagement claims at 881 F. Supp. 1039.

4

The Virginia Supreme Court issued its opinion September 17, 1993. The parties continued to litigate in state court, however, both before and after the opinion was issued and up to the March 19, 1994 filing date of this suit. The district court's opinion describes the details and status of this litigation at 881 F. Supp. 1037-39.

Plaintiffs grounded the majority of their claims in the present action on 1) the allegation that Cohn-Phillips' counterclaims in the Hoppers case and the litigation it subsequently initiated were objectively baseless and thus a sham, and 2) the allegations of mismanagement asserted to demonstrate a breach of the lease in the Hoppers case. The district court held that neither the counterclaims nor the subsequent litigation was sham, and that plaintiffs were collaterally estopped from relitigating the factual allegations relating to Cohn-Phillips' operation of the restaurant that plaintiffs had advanced in the Hoppers case.

We affirm the district court's holding that the counterclaims and other litigation alleged to be objectively baseless were not sham, for the reasons stated in its opinion. Levine, 881 F. Supp. at 1041-44. We disagree, however, that the judgment in the Hoppers case, which the Virginia Supreme Court reversed, precludes the plaintiffs from presenting evidence relating to Cohn-Phillips' operation of the restaurant and, as well, to plaintiffs' claim of a conspiracy.

II.

The district court noted correctly that the preclusive effect of a state court judgment in federal court depends on state law, and that for a collateral estoppel to be set up, Virginia law requires:

> (1) the parties to the two proceedings must be the same, (2) the issue of fact sought to be litigated must have been actually litigated in the prior proceeding, (3) the issue of fact must have been essential to the prior judgment, and (4) the prior proceeding must have resulted in a valid, final judgment against the party against whom the doctrine is sought to be applied.

5

Levine, 881 F. Supp. at 1040 (citing Glasco v. Ballard, 452 S.E.2d 854, 855 (Va. 1995)).

The court erred, however, in concluding that the Virginia Beach circuit court fact finding based on the jury verdict in favor of Cohn-Phillips remained valid and supportive of collateral estoppel although it did not support a final judgment.**4** The Virginia Beach circuit court jury heard the case on plaintiffs' allegations of mismanagement and Cohn-Phillips' counterclaims. But the Virginia Supreme Court concluded:

> As stated by Cohn-Phillips on brief, all damages claimed for breach of contract, tortious interference with a business expectancy, and conspiracy were "for the time period commencing June 3[, 1991,] and continuing on up to the date of trial." Before any alleged damages were sustained, however, the lease had been lawfully terminated by Marina Shores because of Cohn-Phillips' default and breach. Therefore, all rights that may have arisen by virtue of the lease had been terminated. Thus, Cohn-Phillips' claims have no merit.

Marina Shores, 435 S.E.2d at 138. Thus the final judgment was not based on fact finding favorable to Cohn-Phillips. There being no final judgment based on fact finding favorable to Cohn-Phillips, there is no fact finding which can be given preclusive effect against plaintiffs as to the operation of the restaurant as a part of a conspiracy. South Carolina Nat'l Bank v. Atlantic States Bankcard Ass'n , 896 F.2d 1421, 1430 (4th Cir. 1990) ("Reversal of a decision renders it invalid, and application of collateral estoppel clearly should not be based upon an invalid decision."). The fact that the Virginia Supreme Court reversed the circuit court "on the issue of whether the lease was properly terminated due to nonpayment of rent, not on the manner of Hoppers operation," 881 F. Supp. at 1041, will not necessarily preclude plaintiffs' claims in this action since "[i]f the appellate court terminates the case by final rulings as to some matters that leave it unnecessary to resolve other matters, preclusion is limited to the matters actually resolved by the appellate court." 18 Wright, Miller & Cooper, Federal Practice

_____

**4** As noted, the jury's verdict favorable to Cohn-Phillips based on conspiracy was set aside by the trial court.

and Procedure, § 4432, at 302 (1981). Thus, the factual issue that is precluded by the Hoppers case and the decision of the Virginia Supreme Court is that evidence supporting Marina Shores termination of the restaurant lease for Cohn-Phillips' failure to pay rent.

III.

The district court granted summary judgment on a basis other than collateral estoppel on plaintiffs' claims at Counts I, III, IV, VII, VIII, IX, X, XII, and XIII, and also that part of plaintiffs' claim on Count V under the Virginia Antitrust Act, Va. Code § 59.1-9.6 (Monopoly). We affirm the district court's grant of summary judgment on these counts for the reasons sufficiently stated in its opinion.

That leaves for consideration Count II, that part of Count V under the Virginia Antitrust Act, § 59.1-9.5 (Conspiracy); and Counts XIV and XV.

The district court granted judgment in favor of the defendant on Count II, which was under § 1 of the Sherman Act, 15 U.S.C. § 1, because of its holding that Marina Shores could not satisfy the conspiracy element, by this referring to its holding on collateral estoppel. Because of our holding on collateral estoppel, as explained above, that part of the district court's judgment as to Marina Shores' claim under Count II, § 1 of the Sherman Act, must be vacated and remanded for further consideration by the district court. We express no opinion on the merits of, or defenses to, that claim other than that Marina Shores is not collaterally bound in its assertion of a claim under Count II by the fact finding relied upon by the district court in its decision.

That part of Count V of the complaint, which was under the Virginia Antitrust Act, § 59.1-9.5, comparable to the claim under § 1 of the Sherman Act in Count II of the complaint, must be vacated for the same reason and remanded for further consideration by the district court. We express no opinion on the merits of, or defenses to, that claim, also, other than as to the lack of collateral estoppel effect of Marina Shores, 435 S.E.2d 136, as related above.

7

Counts XIV and XV of the complaint are Levine's and Marina Shores' claims under the Virginia Conspiracy Act, Va. Code § 18.2-499. Since the Virginia Conspiracy Act requires a conspiracy, "a combination of two or more persons," Allen Realty Corp. v. Holbert, 227 Va. 441, 449 (1984), we construe the holding of the district court to be that it granted summary judgment on Counts XIV and XV because of its holding as to the collateral estoppel effect of the fact finding in Marina Shores, 435 S.E.2d 136, which we have discussed above. Its judgment as to Counts XIV and XV also must be vacated and remanded for further consideration by the district court. As with our holding on Count II and that part of Count V under the Virginia Antitrust Act relating to a conspiracy, we express no opinion on the merits of, or defenses to, Counts XIV and XV other than the fact that there is no collateral estoppel effect with respect to the fact finding relied upon by the district court in its decision.

IV.

Our holding in this opinion with respect to sham litigation remains in full force, however.

On remand, there may be asserted in defense to the plaintiffs' claims on Counts II, V (Va. Code § 59.1-9.5), XIV and XV any defense except the collateral estoppel relied upon by the district court in its decision appealed from.

The judgment of the district court as to Counts I, III, IV, VII, VIII, IX, X, XII, XIII, and that part of Count V relating to Va. Code § 59.1-9.6 is accordingly

AFFIRMED.

The judgment of the district court as to Counts II, XIV, XV, and that part of Count V relating to Virginia Code § 59.1-9.5 is accordingly

VACATED AND REMANDED
FOR FURTHER CONSIDERATION.

8