TRIANGLE AUTO AUCTION, INC.

V.

DANIEL F. CASH

Record No. 870591

June 9, 1989

Present: All the Justices

*David W. Mullen* for appellant.

*Joseph R. Johnson, Jr.; David D. Embrey (Johnson & Cunningham*, on brief), for appellee.

Justice Lacy delivered the opinion of the Court.

In this case, we consider whether Triangle Auto Auction, Inc. engaged in actions constituting malicious abuse of process in its attempt to recover funds owed by Daniel F. Cash.

On May 5, 1986, Daniel Cash filed a motion for judgment alleging malicious abuse of process against Triangle Auto Auction, Inc. (Triangle) alleging that Triangle "sued out a criminal process against [Cash] and caused his arrest thereunder, not for the purpose of enforcing the criminal laws of the Commonwealth, but solely for the ulterior and unlawful purpose of enforcing the collection of a debt."

The jury returned a verdict in favor of Cash for $130,000 in compensatory damages and $50,000 in punitive damages. The trial court overruled Triangle's motion to set aside the verdict and entered judgment on the jury verdict. The trial court stated that the "facts depicted an aggravated use of criminal process by the defendant to enforce the collection of a debt, which is the essence of the tort of abuse of process, and the jury so found." .

Triangle appeals a number of the trial court's rulings. The dispositive issue, however, is whether the trial court erred in denying Triangle's motions to strike the evidence and to set aside the jury verdict.

Abuse of process involves the wrongful *use* of process *after* it has been issued. The essential elements of an abuse of process claim are "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe Construction* v. *Mount Vernon Assoc.*, 235 Va. 531, 539, 369 S.E.2d 857, 862 (1988); *Mullins* v. *Sand-*

*ers*, 189 Va. 624, 633, 54 S.E.2d 116, 121 (1949); *Glidewell* v. *Murray-Lacy*, 124 Va. 563, 570, 98 S.E. 665, 668 (1919). Because Cash prevailed at trial, we must state the evidence in the light most favorable to him in determining whether both elements of the standard were satisfied.

Triangle is a wholesaler of used cars in Radford. Daniel Cash owned and operated a used car business in Lynchburg. Cash purchased several automobiles from Triangle and paid for the cars with three checks dated November 12, 19, and 26, 1984, totalling $16,423. Triangle deposited the checks but they were returned due to insufficient funds. On December 4, 6, and 12, Triangle sent Cash letters notifying him that the checks had been returned and that warrants necessary for prosecution would be secured if the debts were not paid within five days of the notice pursuant to Code §§ 18.2-181 and 18.2-183. Triangle also contacted Cash by telephone concerning the debts.

On November 29, 1984, Triangle credited $2,457 toward Cash's debt as a result of funds received from the sale of a car owned by Cash. On December 17, 1984, Cash sent Triangle the titles for six cars owned by Cash. These titles represented collateral for the debt, but Cash neither signed over the titles to Triangle nor made dealer assignments in favor of Triangle. On December 28, Cash paid Triangle $2,000 on the debt, leaving a balance of approximately $12,000.

On December 21, Triangle swore out warrants against Cash for grand larceny by bad check. The warrants were served on Cash on December 31, 1984. A preliminary hearing on the felony bad check charges was scheduled for February 8, 1985. On February 7, Cash paid Triangle the unpaid balance of the checks. At the February 8 hearing, Triangle informed the Commonwealth's Attorney that restitution had been made. The Commonwealth's Attorney proceeded to dismiss the charges. On February 26, 1985, Cash paid Triangle $438.74 in interest and Triangle returned the car titles to him.

Cash argues that Triangle's prosecution of him was used as leverage to collect a debt rather than to advance the interests of justice. He maintains that this ulterior purpose, the first element in abuse of process, is shown by Triangle's delay of more than a month between receiving the returned checks and swearing out the warrants. From this evidence, according to Cash, the jury could have inferred that Triangle's purpose in swearing out the

warrants was solely to collect payment on the checks. We assume without deciding that sufficient evidence existed to support the jury's finding that Triangle had an ulterior purpose.

The second prong of the claim requires a showing of some "perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended." *Donohoe*, 235 Va. at 539, 369 S.E.2d at 862. To establish this element, Cash testified that agents of Triangle threatened to send him to jail if prompt payment was not made. Secondly, Cash contends Triangle's failure to give the Commonwealth's Attorney complete information on the factual situation before issuing the warrants was an act "not proper in the regular prosecution of the warrants." Cash showed that the policy of the Commonwealth Attorney's Office was not to prosecute "[c]hecks which have been held by the payee for payment by agreement." Cash maintains that Triangle's agreement to hold the checks pending payment was shown by acceptance of partial payment and the six car titles as collateral with full payment forthcoming in 30 to 45 days.

The actions cited by Cash in support of the second prong of his abuse of process claim all occurred prior to Triangle's swearing out the warrants. Cash failed, however, to present any evidence demonstrating that Triangle took any action which abused or perverted the criminal prosecution for bad checks subsequent to the issuance of process. After December 21, 1985, the date the warrants were issued, Triangle's only actions were accepting a $2,000 payment on December 28, and stating, at the February 8 hearing, that restitution had been made on February 7.

Cash argues that it is immaterial whether the offending acts occur before or after process is issued. We, however, continually have held that abuse of process "lies in the abuse or the perversion of the process *after* it has been issued." *Donohoe*, 235 Va. at 540, 369 S.E.2d at 862 (emphasis added).

Because Cash failed to establish the required second element of an abuse of process action, the trial court erred in refusing to sustain Triangle's motion to strike the evidence. Accordingly, we will reverse the judgment of the trial court and enter final judgment on behalf of Triangle.

*Reversed and final judgment.*