## CIRCUIT COURT OF FAIRFAX COUNTY

Allen Wayne Capozio,
by his next friends,
Sandra G. Capozio
and Wayne Capozio

v.

Craig Baumann
and Tyler Baumann

May 31, 2002

Case Nos. (Law) 202639, 202682

BY JUDGE HENRY E. HUDSON

This case was before the Court on May 10, 2002, on Plaintiff's demurrer to Counts I and II of Defendants' counterclaim for defamation and malicious abuse of process, respectively. The Court sustained and dismissed Count I with prejudice. The Court overruled Count II of the demurrer, and Plaintiff subsequently filed a Motion to Reconsider with respect to Count II.

Although Courts are reluctant to entertain motions to reconsider, it is appropriate in this case, given the uncertainty of the exact nature of Count II of Defendants' counterclaim. After reviewing all pleadings, Plaintiff's Motion, and Defendants' Opposition, the Court is of the opinion that Plaintiff's demurrer to the abuse of process claim set forth in Count II should be sustained.

To establish an action for abuse of process, a party must satisfy a two-prong test. First, the Plaintiff must allege the existence of an ulterior purpose for issuing the process. Secondly, the Plaintiff must allege the existence of "an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe Constr. Co. v. Mount Vernon Assoc.*, 235 Va. 531, 539, 369 S.E.2d 857 (1988). Moreover, "abuse of process involves the wrongful use of process after it has been issued." *Triangle Auto Auction v.*

*Cash*, 238 Va. 183, 184, 380 S.E.2d 649 (1989) (citations omitted); see also *Donohoe*, 235 Va. at 540.

In this case, Plaintiff issued process by filing a facially sufficient Motion for Judgment. Thus, even if Plaintiff was malintentioned in alleging his claims, they were properly pleaded within the prosecution of the proceedings. *Donohoe*, 235 Va. at 540. Moreover, Defendants do not allege that Plaintiff wrongfully used process after the filing of the Motion for Judgment. This is a fatal deficiency. Further, filing a Motion for Judgment is the only means available for Plaintiff to pursue his claim. As stated in *Boggs v. Duncan*, 202 Va. 877, 884, 121 S.E.2d 359 (1961):

It is well settled that in the absence of statute, whenever an injury results from the . . . issuance of judicial process in a civil action, the person procuring its issuance incurs no legal responsibility provided he acts in good faith and in honest conviction that the remedy is necessary to the enforcement of a legal right.

Defendants do not contend that Plaintiff seeks alternative ends other than to obtain a remedy for the causes of action set forth in the Motion for Judgment. Instead, Defendants argue that Plaintiff seeks only to harass them and to chill their pursuit of ancillary litigation. Motivation and purpose, however, are not synonymous in an abuse of process case. See *Donohoe*, 235 Va. at 540.

Plaintiff's demurrer to Count II of Defendants' counterclaim is sustained and dismissed. The Court will grant the Defendants leave to file an amended counterclaim within fourteen days if counsel for Defendants determines that a good faith basis exists to pursue a malicious abuse of process claim.