## CIRCUIT COURT OF LOUDOUN COUNTY

Charles J. Fitzgerald

v.

Tamara Farrell et al.

Case No. (Law) 27260

BY JUDGE JAMES H. CHAMBLIN

March 13, 2003

This case came before the Court on February 20, 2003, for argument and/or hearing on the following:
(1) Plea of the Statute of Limitations of Raymond Farrell;
(2) Plea of the Statute of Limitations of Tamara Farrell;
(3) Demurrer of Raymond Farrell;
(4) Demurrer of Tamara Farrell;
(5) Plea of the Statute of Limitations of Mary Kissman;
(6) Demurrer of Mary Kissman; and
(7) Demurrer and Special Plea in Bar (of the Statute of Limitations) of SunTrust Mortgage, Inc., and Erin Clark.

Without objection, the Defendants decided not to pursue at this time their pleas involving the statute of limitations.

Counsel proceeded to argue the Demurrers, which were taken under advisement.

After consideration of the briefs and the argument of counsel and for the reasons that follow, the Demurrers are overruled with two exceptions. The Demurrers to Count 3: Abuse of Process and Count 5: Negligence of the Motion for Judgment are sustained. The plaintiff is granted leave to file an amended motion for judgment as to the abuse of process claim in Count 3, but the negligence claim in Count 5 is dismissed without leave to amend.

2

Mr. Fitzgerald has filed in this case an eight count Motion for Judgment summarized as follows:

| Count | Claim | Against |
|-------|-------|---------|
| 1 | Malicious Prosecution | Mr. & Mrs. Farrell, Ms. Kissman |
| 2 | Interference with Contract Expectancies | Mr. & Mrs. Farrell |
| 3 | Abuse of Process | Mr. & Mrs. Farrell; Ms. Kissman |
| 4 | Breach of Oral Contract | SunTrust Mortgage; Ms. Clark |
| 5 | Negligence | SunTrust Mortgage; Ms. Clark |
| 6 | Actual Fraud | SunTrust Mortgage; Ms. Clark |
| 7 | Constructive Fraud | SunTrust Mortgage; Ms. Clark |
| 8 | Conspiracy to Harm Trade, Business, or Profession | All Defendants |

As to each count other than Count 3: Abuse of Process and Count 5: Negligence, the plaintiff has sufficiently alleged material facts to support each claim. He does not need to descend into statements detailing proof in order to withstand a demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 264 Va. 22, 24 (1993).

The Demurrers to Count 1: Malicious Prosecution are overruled. The plaintiff has alleged material facts to support all the elements of malicious prosecution. Most of the grounds asserted for the Demurrers to this count are based on the failure to allege matters of proof or evidence.

The fact that an indictment was returned against the plaintiff does not establish as a matter of law that probable cause existed. *See, Clinchfield Coal Corp. v. Redd*, 123 Va. 420, 443 (1918). The defendant does not have to be the sole procuring cause of the prosecution. It must have been instituted by, or with the cooperation of, the defendant. *Hudson v. Lanier*, 255 Va. 330, 333 (1998).

The allegations of Count 2: Interference with Contract Expectancies are sufficient to withstand demurrer. All the elements have been sufficiently pleaded. The Demurrers to this Count are based on a failure to allege matters of proof as opposed to material facts to support the claim.

The Demurrers to Count 3: Abuse of Process are sustained because the material facts as alleged by the plaintiff do not support an abuse of process claim. The elements of abuse of process are: (1) the existence of an ulterior purpose; and (2) an act in the use of process not proper in the regular prosecution of the proceedings. *Donohoe Const. v. Mount Vernon Assoc.*, 235 Va. 531, 539 (1988).

The only process alleged to have been issued is the indictment of the plaintiff. A criminal indictment can be the subject of an abuse of process

claim. *Glidewell v. Murray-Lacy*, 124 Va. 563 (1919). However, as stated in *Donohoe Construction*, the "distinctive nature of malicious abuse of process lies in the perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended." 235 Va. at 539. "The gravamen of the tort lies in the abuse or the perversion of the process after it has been issued." 235 Va. at 540.

Mr. Fitzgerald alleges that, as a result of certain actions by Mr. and Mrs. Farrell and Ms. Kissman, he was indicted for construction fraud and embezzlement and that the indictment was later dismissed and his record expunged. There is nothing impermissible, out of the ordinary, or irregular about an indictment being issued and subsequently dismissed. Mr. Fitzgerald alleges that he was harmed by being indicted (the initiation of the process or the mere fact he was indicted). He does not allege that anything occurred during the criminal prosecution that abused or perverted the process.

As to Count 4: Breach of Oral Contract, Mr. Fitzgerald has sufficiently pleaded facts to support the existence of an oral contract, its breach, and resulting damage to him. The Demurrer to this claim is based on a failure to allege matters of proof or evidence, which the plaintiff is not required to plead.

The Demurrer to Count 5: Negligence is sustained. Any duty on the part of SunTrust and Ms. Clark with respect to the documents delivered by Mr. Fitzgerald arose solely because of the alleged oral contract. There is no common law duty with respect to the documents. The duty of SunTrust and Ms. Clark as to the documents came about because of the alleged agreement by them that the documents would be kept confidential. The duty to keep them confidential arose when, as alleged, Mr. Fitzgerald gave them to SunTrust on the condition that they would be kept confidential. Under the plaintiff's allegations, the documents came into the possession of SunTrust solely pursuant to the alleged oral contract; therefore, any duty of SunTrust and its employee, Ms. Clark, arose solely out of the contract. Put another way, but for the alleged oral contract, the duty would never have arisen.

As to Count 6: Actual Fraud and Count 7: Constructive Fraud, the plaintiff has sufficiently pleaded material facts to support both claims. The Demurrers are based merely on a failure to allege proof or evidence as opposed to material facts to support a claim.

As to Count 8: Conspiracy to Harm in Trade, Business, or Profession (statutory conspiracy), the plaintiff has pleaded sufficient material facts to support his claim against each defendant. There is no requirement that the plaintiff allege that the conspiring defendants specifically intended to harm him or that the sole or primary purpose of their actions was to injure him in his trade or profession. *Commercial Business Systems v. BellSouth*, 249 Va. 39,

47 (1995). The foundation of a civil action of conspiracy is the damage caused by the acts committed in furtherance of the conspiracy.

SunTrust and Ms. Clark claim that there is no statutory conspiracy claim if the defendants' actions are aimed at protecting their own interests. They cite no authority for this proposition. I doubt any will be found because it is merely an affirmative defense to the element of combining for the purpose of willfully and maliciously injuring the plaintiff. As such, it is not a ground for a demurrer.

The defendants assert that the cause of action under the conspiracy statute is not aimed at one's person and, therefore, the plaintiff has no statutory conspiracy claim because he was terminated as a police officer. Under Va. Code §§ 18.2-499 and 18.2-500, a claim lies for injury to "reputation, trade, business, or profession." While it appears that the federal courts take the position that the statutory conspiracy only applies to injuries to one's business, see, e.g., Jordan v. Hudson, 690 F. Supp. 502 (E.D. Va. 1988), aff'd, 879 F.2d 98 (4th Cir. 1989), I can find no Virginia appellate decision on this issue. I think that the federal interpretation is too narrow and is contrary to the wording of the statutes. The federal cases ignore the wording of the statute that injury to reputation, trade, or profession can be actionable as well as injury to business. The four words are used disjunctively. Therefore, I think that there can be a statutory conspiracy aimed at reputation or at trade or at profession. Termination as a police officer could be injury to one's reputation or profession.

In addition, the plaintiff has stated a claim for statutory conspiracy to injure his construction business, which is permissible under the federal line of cases.

The Demurrers to the statutory conspiracy claim in Count 8 are overruled.

During argument, counsel for Mr. and Mrs. Farrell cited Glass v. Glass, 228 Va. 39 (1984). Counsel for Mr. Fitzgerald wanted to respond in writing. He was given leave to do so. After consideration of the briefs subsequently filed by counsel, Glass does not contain anything to cause me to sustain the Demurrers of Mr. and Mrs. Farrell to Count 2: Interference with Contract Expectancies and Count 8: Conspiracy to Harm Trade, Business, or Profession.

The plaintiff is granted until on or before April 4, 2003, leave to file an amended motion for judgment as to Count 3: Abuse of Process, if he be so advised. If an amended motion for judgment is filed, then Mr. and Mrs. Farrell and Ms. Kissman shall file their responsive pleadings thereto within twenty-one days of the filing of the amended motion for judgment. If the plaintiff does not file an amended motion for judgment, then all defendants shall file

their answers and grounds of defense on or before April 25, 2003. In any event, SunTrust Mortgage and Ms. Clark shall file their answer and grounds of defense to either the motion for judgment, or an amended motion for judgment, as the case may be, on or before April 25, 2003.

September 29, 2003

This case came before the Court on September 5, 2003, for argument on the Demurrers of Tamara Farrell, Raymond Farrell and Mary Kissman to count three of the Amended Motion for Judgment. These Defendants assert that count three does not state a cause of action for Abuse of Process.

For the reasons hereinafter set forth, the Demurrers are overruled.

In ruling on a demurrer the Court must consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged. *Luckett v. Jennings*, 246 Va. 303, 307 (1993).

The Amended Motion for Judgment is very lengthy with 157 paragraphs in 34 pages asserting seven different causes of action against five defendants. Count three is an abuse of process claim against the three Defendants whose demurrers are before the Court. Considerable facts are alleged in the Amended Motion for Judgment, but only those facts relevant to the abuse of process claim need be considered in ruling on the subject demurrers.

The elements of an abuse of process claim are the existence of an ulterior purpose and an act in the use of the process not proper in the regular prosecution of the proceedings. *Triangle Auto Auction v. Cash*, 238 Va. 183, 184 (1989); *Donohoe Const. v. Mount Vernon Assoc.*, 235 Va. 531, 539 (1988); *Mullins v. Sanders*, 189 Va. 624, 633 (1949); *Glidewell v. Murray-Lacy*, 124 Va. 563, 570 (1919).

Abuse of process involves the wrongful use of process *after* it has been issued. *See Triangle Auto Auction*, 238 Va. at 184.

The facts alleged in the Amended Motion for Judgment relevant and material to the abuse of process claim may be summarized as follows. Plaintiff was a Fairfax County police officer. He also operated as a sole proprietorship a home construction business. He constructed a home for Mr. and Mrs. Farrell and an addition to the home of Mrs. Kissman. Mrs. Farrell is also a Fairfax County police officer. Disputes arose over the construction of the Farrell's home and Mrs. Kissman's addition. The Plaintiff alleges that Mr. and Mrs. Farrell and Mrs. Kissman conspired to provide information to the Fairfax County Police Department that the Plaintiff engaged in criminal conduct during the construction of the Farrell's home and Mrs. Kissman's addition. He

alleges that they did so in an effort to secure his termination from the Fairfax County Police Department.

The Fairfax County Police Department refused to pursue criminal charges against the Plaintiff, but advised the three Defendants that it would consider terminating Plaintiff, but only if his conduct as to the two construction projects would be of a more serious nature, such as a felony.

The three Defendants conspired to provide information to the Loudoun County Sheriff's Department. The Plaintiff alleges that although such information was false, misleading and/or incomplete, it formed part of the basis upon which the Plaintiff was indicted on June 12, 2000, for the felonies of construction fraud (two counts), obtaining property by false pretenses and embezzlement relating to the construction of the Farrell's home.

Plaintiff alleges that Mr. and Mrs. Farrell and Mrs. Kissman caused the Fairfax County Police Department to be notified of the indictment in Loudoun County and pressed the Department to terminate the Plaintiff. As a result, Plaintiff was terminated from the Fairfax County Police Department in September 2000.

In December 2000, all four felony charges were dismissed after the Loudoun Commonwealth's Attorney determined that the Plaintiff was not guilty of any criminal wrongdoing. In February 2001, the record of the Plaintiff's arrest was expunged by consent order of this Court.

The Fairfax County Police Department refused to reinstate the Plaintiff.

The Plaintiff alleges that the actions of Mr. and Mrs. Farrell after the Plaintiff was indicted were intended to use the felony charges against him (1) "as a whip to force the Fairfax Police Department to discharge" him, and (2) as a means to obtain money from him in the form of restitution when a civil action for damages against him relating to the construction of the Farrell's home was pending. The Plaintiff alleges that Mrs. Kissman participated with the Farrells after he was indicted with intent to have him terminated by the Fairfax County Police Department.

Clearly the Plaintiff has alleged an ulterior purpose for the actions of Mr. and Mrs. Farrell and Mrs. Kissman. The issue is whether he has alleged sufficient facts to support the second element, of abuse of process, *i.e.*, whether the acts of these defendants in the use of the process were not proper in the regular prosecution of the criminal charges against the Plaintiff. Put another way, the issue is whether the allegations show a wrongful use by Mr. and Mrs. Farrell and Mrs. Kissman of the criminal charges against the Plaintiff after he was indicted.

*Glidewell, Mullins,* and *Triangle Auto Auction* make it clear that a criminal indictment can be the basis of an abuse of process claim. *Glidewell*

initially recognized this legal proposition. *Mullins* emphasized that the acts of the defendant must go beyond the normal regular process (expressed in the cases as "perversion") to accomplish an ulterior purpose for which the procedure was not intended. *Triangle Auto Auction* reiterates that in an abuse of process claim the actions of the defendant must occur after process has been initiated.

While *Glidewell* and *Mullins* do not appear to me to differ that much in their facts they reach opposite results. They can be reconciled perhaps by *Mullins*, being the more recent case, reflecting a more modern trend not to short circuit cases prior to a decision on the merits by the trier of fact.

The Plaintiff alleges that after he was indicted Mr. and Mrs. Farrell and Mrs. Kissman not only advised the Fairfax County Police Department that he had been indicted, but also "pressed" for his termination. It is a fair inference that without the felony indictment the Plaintiff would never have been dismissed by the Fairfax County Police Department. As pleaded, the Plaintiff alleges that he was terminated as a result of more than the mere fact he was indicted, but he was terminated because the three defendants put pressure on the Fairfax County Police Department to terminate him after he was indicted. It is hard to see the difference between using the criminal process to collect a debt as in *Mullins* and using the process to secure the Plaintiff's termination by the Fairfax County Police Department. The facts alleged do support the conclusion that these three Defendants provided false and misleading information to the Loudoun authorities that led to the Plaintiff's indictment and used the fact of the indictment for the purpose of securing his termination as a Fairfax police officer, and, as to the Farrells, obtaining money from him in the form of restitution if he were to be convicted.

These Defendants were aware that the Fairfax County Police Department was not going to charge the Plaintiff with a crime, but would consider his termination if he were indicted for a felony. When Fairfax refused to seek criminal charges, then Defendants next went to Loudoun. Although these actions occurred prior to the indictment, they do set the context for the alleged post indictment actions.

After consideration of the allegations and the fair inferences from them, I find that the Plaintiff has alleged sufficient facts as to his abuse of process claim to survive a demurrer. Whether the Plaintiff may prevail on the merits at trial is a matter for later determination.

The Demurrers are overruled.

8

January 28, 2004

On January 20, 2004, the Court took under advisement the Motion for Summary Judgment filed by the two remaining defendants, Raymond Farrell and Tamara Farrell (the Farrells), relating to Count 7: Conspiracy to Harm in Trade, Business, or Profession, Va. Code §§ 18.2-499 and 18.2-500) of the Amended Motion for Judgment filed by the Plaintiff, Charles Fitzgerald.

After consideration of the arguments of counsel and the written opposition filed by Fitzgerald and further consideration of the authorities referred to herein, the Motion is granted, and the Farrells are granted summary judgment on Fitzgerald's statutory conspiracy claim in Count Seven of his Amended Motion for Judgment.

It is clear from the pleadings and the admissions in this case (as permitted to be considered under Rule 3:18) that the injury claimed by Fitzgerald to have resulted from the alleged conspiracy is that he lost his job as a Fairfax County police officer and, as a result, his career or profession as a police officer has been destroyed. Fitzgerald is alleging injury to his profession. He argues that injury to profession is an injury contemplated by Va. Code § 18.2-499, which proscribes conspiracy to "willfully, and maliciously injur[e] another in his reputation, trade, business, or profession." Fitzgerald also appears to argue that his reputation as a police officer has been damaged and damage to reputation is also contemplated by the conspiracy statute.

When this issue came up earlier in the context of Demurrers to the Amended Motion for Judgment, I overruled the Demurrers because Va. Code § 18.2-499 contains "reputation, trade, business, or profession" disjunctively and, hence, an injury to any one of them was covered by the statute. See my opinion letter herein dated March 13, 2003. The federal cases limiting the conspiracy statute to injury to one's business were too narrow because of the way the statute is worded. There were no reported Virginia cases on the issue at that time.

In September 2003, our Supreme Court decided *Andrews v. Ring*, 266 Va. 311 (2003). After carefully reading *Andrews*, I think it is clear that the Virginia Supreme Court has ruled that as a matter of law an action under the conspiracy statute does not embrace claims for injury to personal reputation and employment interests. This decision follows the rulings of several federal courts in Virginia. See *Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985); *Nationwide Mut. Fire Ins. Co. v. Jones*, 577 F. Supp. 968 (W.D. Va. 1984). The facts in *Andrews* may not be similar to the facts in this case, but the interpretation of Va. Code § 18.2-499 in *Andrews* is very much applicable to this case.

*Andrews* does not address the extent, if any, of the conspiracy statute's coverage of an injury to profession. Fitzgerald claims that his injury is one of injury to profession. In other words, he argues that being a police officer is a profession. I do not agree with him.

To engage in a profession, one does not have to be employed. A profession is a vocation requiring extensive education in science or the liberal arts and often specialized training. A person can engage in a profession without being employed. A person does not become a police officer without being employed by a law enforcement agency. One cannot receive training as a police officer without first being employed by a police department or other law enforcement agency. Even with training acquired while being employed by a prior agency, a police officer cannot use that training and experience without being employed by a law enforcement agency. It is not like a person who obtains a license to practice law or medicine and sets up a practice on his or her own. A police officer cannot be a police officer on his own. He must be employed.

If Fitzgerald feels that his career as a police officer has been destroyed, then it means that he will never be employed again as a police officer. I must, therefore, conclude that Fitzgerald's claims are for injury to personal reputation and employment interests.

Any finding I made in my opinion letter dated March 13, 2003, that termination as a police officer could be injury to profession is specifically overruled and reversed by this opinion.