PRESENT:  All the Justices

CANDY EUBANK, ET AL.

v.  Record No. 201118

SUE K. THOMAS, ET AL.

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
August 5, 2021

FROM THE CIRCUIT COURT OF MATHEWS COUNTY
William H. Shaw, III, Judge Designate

Candy and Mark Eubank filed a complaint against the County Administrator of Mathews

County and two employees of the Mathews County Planning and Zoning Department, alleging

malicious prosecution and abuse of process.  The circuit court granted the County's demurrer

and dismissed the complaint.  The Eubanks appeal from this dismissal.  For the reasons noted

below, we reverse the dismissal of the malicious prosecution claim but we affirm the circuit

court's dismissal of the abuse of process claim.

BACKGROUND

I.      THE ZONING ENFORCEMENT PROCEEDINGS.

The Eubanks own a house in Mathews County.  The house was built in 1949.  The

Eubanks became the owners through a deed of gift in 2014.  In 2015, they received a "violation

notice and correction order" from Mathews County.  The notice stated that the Eubanks were in

violation of two zoning ordinances.  First, the notice stated that an unpermitted "four (4) foot

expansion of the non-conforming structure has occurred," in violation of § 20.1 of the zoning

ordinance.  That ordinance provides that "[i]t shall be unlawful to use land or structures or to

alter or erect structures until a zoning permit (clearance) is obtained from the Zoning

Administrator."  Second, the notice stated that the Eubanks had improperly expanded or enlarged

a nonconforming use or lot, in violation of § 16.4.4 of the zoning ordinance. That ordinance prohibits expansion or enlargement of a structure into certain defined buffer areas.

The notice informed the Eubanks that they could remedy the alleged violations by taking corrective action. Possible corrective action included, among other things, providing the County with "plats of [their] property prepared by a licensed land surveyor . . . that demonstrate that the original footprint of the house has not been expanded" and that there has been no encroachment of the buffer area. The notice also detailed the procedures for appealing the violations. It also conspicuously stated that "failure to correct the violations or appeal this decision within the specified time period may result in charges being filed against you in General District Court . . . or may result in other legal actions initiated by this office against you."

In response, the Eubanks exchanged emails with County officials disputing the existence of any violation. The Eubanks also provided a letter – not a survey – from a surveyor licensed in Virginia stating that the footprint of the house is the same as the original footprint from the 1966 survey. The letter states that the "[n]orthern side of [the Eubanks'] home *appears to be consistent* with" the original survey from 1966. (emphasis added).

Several months later, the County initiated criminal proceedings against the Eubanks. Two of the warrants alleged that, between 2011 and 2012, the plaintiffs added a four-foot expansion of their residence and that this expansion encroached on the neighboring property. Two additional warrants alleged that the plaintiffs failed to obtain permits for the alleged four-foot expansion. All the warrants were either dismissed or "nolle prossed."

II.   THE EUBANKS FILE A COMPLAINT ALLEGING MALICIOUS PROSECUTION AND ABUSE OF PROCESS.

Following the successful resolution of the criminal charges, the Eubanks filed a two-count complaint against the County Administrator of Mathews County and two employees of the

Mathews County Planning and Zoning Department (collectively, the "County Employees"), alleging malicious prosecution and abuse of process. The complaint was amended multiple times. The complaint alleged that Mathews County, and one of the individual defendants in particular, was interested in acquiring property to increase public access to the water in the specific area where the Eubanks property is located. To accomplish this goal, the County Employees began to research zoning violations to use them as a pretext "to force [the Eubanks] to tear down their home." This would reduce the property's value, and then, with a lowered value, Mathews County could acquire the land at reduced cost via eminent domain.

The notice and criminal summons presupposed that there was an unpermitted expansion of the house in 2011 or 2012. The Eubanks claim that this "alleged expansion never existed and [the County Employees] knew or should have known [that] it did not." According to the Eubanks, the house's footprint is the same as it was in 1966. Further, the alleged encroachment originated from "a sketch drawing" by the Commissioner of the Revenue, who is not a licensed surveyor. According to the Eubanks, an employee of the County's Planning and Zoning Department modified this sketch drawing to increase the alleged encroachment. The Eubanks allege that the letter from the licensed surveyor, along with the original 1966 survey, provided "more than enough reasonable evidence" to establish that the notice of violation was without foundation. Nevertheless, the Eubanks allege, the County Employees presented "knowingly inaccurate" evidence to the magistrate to obtain criminal charges against the Eubanks.

In response, the County Employees filed a demurrer and a plea in bar. The County Employees argued that the complaint should be dismissed because, by failing to timely appeal the decision of the zoning violation, the decision of the zoning administrator became a "thing decided." The County Employees also alleged that the allegations of the complaint were legally

3

insufficient to support a claim for malicious prosecution or for abuse of process. The circuit court granted the County Employees' demurrer and dismissed the case with prejudice.

We awarded the Eubanks an appeal. The Eubanks challenge the applicability of the "thing decided" doctrine to their claims, and they further argue that the allegations in the complaint are sufficient to survive demurrer.

ANALYSIS

On appeal, we review a circuit court's judgment sustaining a demurrer de novo. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554 (2003). We consider as true the facts alleged in the motion for judgment and the reasonable factual inferences that can be drawn from the facts alleged. *McDermott v. Reynolds*, 260 Va. 98, 100 (2000). We do not evaluate the merits of the allegations, but only whether the factual allegations sufficiently plead a cause of action. *Riverview Farm Assocs. Va. Gen. P'ship v. Board of Supervisors*, 259 Va. 419, 427 (2000).

I. THE "THING DECIDED" DOCTRINE DOES NOT APPLY TO A CLAIM OF MALICIOUS PROSECUTION OR ABUSE OF PROCESS.

"In the land use context, a landowner may be precluded from making a direct judicial attack on a zoning decision if the landowner has failed to exhaust adequate and available administrative remedies before proceeding with a court challenge." *Vulcan Materials Co. v. Board of Supervisors*, 248 Va. 18, 23 (1994) (quotation marks and citation omitted). A person aggrieved by a decision of the zoning administrator has the right to appeal to the board of zoning appeals. *See* Code § 15.2-2286(A)(4) and Code § 15.2-2311. "If this mandatory appeal is not timely filed, the administrative remedy has not been exhausted and the zoning administrator's decision becomes a 'thing decided' not subject to court challenge." *Lilly v. Caroline County*, 259 Va. 291, 296 (2000) (citation omitted). The "thing decided" doctrine ensures that zoning

4

decisions are appealed through the proper channels. *Dick Kelly Enters., Va. P'ship, No. 11 v. City of Norfolk*, 243 Va. 373, 378 (1992) ("[E]xhaustion of administrative remedies where zoning ordinances are involved is essential before a judicial attack may be mounted against the interpretation of such ordinances."). Requiring timely exhaustion of administrative remedies also protects the finality of zoning decisions.

Here, the Eubanks are not pursuing an untimely challenge to a land use decision. Instead, they are alleging that the County Employees committed intentional torts against them. The "thing decided" doctrine simply does not apply.[1]

II.     THE EUBANKS' ALLEGATIONS OF MALICIOUS PROSECUTION ARE SUFFICIENT TO WITHSTAND DEMURRER.

"Malicious prosecution actions arising from criminal proceedings are not favored in Virginia and the requirements for maintaining such actions are more stringent than those applied to other tort cases." *O'Connor v. Tice*, 281 Va. 1, 7 (2011). *See also Dill v. Kroger Ltd. P'ship*, Record No. 200823, 300 Va. ___, ___, slip op. at 8 (2021) (citing *Lewis v. Kei*, 281 Va. 715, 722 (2011) (same)). Such actions are disfavored because criminal prosecutions are "essential to the maintenance of an orderly society," and persons bringing such prosecutions should not be deterred by the fear of unjustified reprisals in the form of ensuing civil litigation. *Reilly v. Shepherd*, 273 Va. 728, 733 (2007); *see Dill*, 300 Va. at ___, slip op. at 8 (citing *Lewis*, 281 Va. at 722) (same).

---

[1] Moreover, the criminal charges against the Eubanks stemming from the alleged zoning violations were dropped, so there is no land use decision to attack.

A plaintiff alleging malicious prosecution must plead and prove by a preponderance of the evidence that the prosecution was (1) malicious,[2] (2) instituted by or with the cooperation of the defendant(s), (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff. *O'Connor*, 281 Va. at 7; *Dill*, 300 Va. at ___, slip op. at 8 (citing *Lewis*, 281 Va. at 722) (same).

The adequacy of the complaint with respect to elements (1), (2), and (4) is not in dispute. The Eubanks allege that the County Employees engaged in a scheme to distort the nature of the encroachment. The encroachment, although nonconforming, was not actionable at law because it had existed since 1966. *See* Code § 15.2-2307(D). In addition, the Eubanks allege that the house was not expanded in 2011 or 2012, that it occupies the same footprint now as it did in 1966, and, therefore, allegations of a zoning violation based on additional construction in 2011 or 2012 were without a factual basis. Furthermore, the Eubanks allege that the County Employees, who wished to increase public access to the water, alleged groundless zoning violations in order to force the Eubanks to tear down the house so that the property might be acquired via eminent domain at a reduced price. Finally, the criminal proceeding was terminated in a manner not unfavorable to the Eubanks.

The briefs focus on whether the County Employees acted with probable cause in obtaining criminal warrants against the Eubanks. "[P]robable cause is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *O'Connor*, 281

---

[2] "In the context of a malicious prosecution action, malice is defined as any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Hudson v. Lanier*, 255 Va. 330, 333 (1998) (emphasis omitted); *see also Dill*, 300 Va. at ___, slip op. at 10 (same).

6

Va. at 9; *see also Dill*, 300 Va. at ___, slip op. at 9 (citing *Lewis*, 281 Va. at 723). "The test [of probable cause] is whether the facts and circumstances known, or made known, to the prosecutor are sufficient to justify a prudent and reasonable man in the belief that an accused is guilty of the crime charged." *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 684 (1967). "Only where the facts relating to probable cause are not in dispute in a malicious prosecution action does the issue become a question of law for the court; and when such facts are in dispute, the issue is one of fact to be resolved by the triers of fact." *Lee v. Southland Corp.*, 219 Va. 23, 27 (1978); *see also Dill*, 300 Va. at ___, slip op. at 9 (citing *Giant of Va.*, 207 Va. at 684 and *O'Connor*, 281 Va. at 9).

The County Employees point to the fact that the Eubanks did not remedy the zoning violation in the manner contemplated by the notice. The notice allowed the Eubanks to remedy the violation by, among other things, providing a "survey" from a surveyor licensed in Virginia. Instead, the Eubanks supplied a letter – not a proper survey – from a Virginia licensed surveyor. Therefore, the County Employees reason, they had probable cause to advance the case for criminal prosecution. The gravamen of the Eubanks' allegations is that there never was any real probable cause because the encroachment had existed since 1966 and was, therefore, not actionable. Additionally, the purported unpermitted expansion of the house in 2011 and 2012 did not happen. Moreover, the Eubanks allege, the County Employees knew all of this, or should have known it, based on the surveyor's letter and the original survey, but they nevertheless proceeded to initiate criminal charges. We conclude that the allegations of the complaint with respect to probable cause were for the factfinder to resolve. Accordingly, we reverse the circuit court's dismissal of the malicious prosecution claim.

7

III. THE EUBANKS' CLAIM OF ABUSE OF PROCESS FAILS AS A MATTER OF LAW BECAUSE THEY DO NOT ALLEGE THAT ANY PARTICULAR PROCESS WAS ABUSED.

The Eubanks also allege that the County Employees are liable for abuse of process. We have described malicious prosecution and abuse of process as "kindred" causes of action. *Donohoe Constr. Co., Inc. v. Mount Vernon Assocs.*, 235 Va. 531, 540 (1988). The elements, however, are different. *Id.* Unlike the malicious prosecution tort, the abuse of process tort does not require the plaintiff "to allege or prove that the process was maliciously [issued]." *Id.* (quoting *Glidewell v. Murray-Lacy & Co.*, 124 Va. 563, 571 (1919)). Also unlike the tort of malicious prosecution, an action for abuse of process "usually presupposes that the . . . process was proper in its inception." *Glidewell*, 124 Va. at 569 (referencing *Bradshaw v. Frazier*, 85 N.W. 752 (Iowa 1901)).

Abuse of process involves

> the misuse of a legal process to accomplish some purpose not warranted or commanded by the writ, a malicious perversion of a regularly issued civil or criminal process for a purpose and to obtain a result not lawfully warranted or properly attainable thereby. It is the misuse of the power of the court, an act done in the name of the court and under its authority for the purpose of perpetrating an injustice. Abuse of process, as distinguished from that of malicious prosecution, involves the malicious misuse or perversion of the process, *after its issuance*, for an end not lawfully warranted by it.

Barry A. Lindahl, 4 *Modern Tort Law: Liability and Litigation* § 39:25 (2d ed. 2021). "Abuse of process involves the wrongful *use* of process *after it has been issued*." *Triangle Auto Auction, Inc. v. Cash*, 238 Va. 183, 184 (1989) (emphases added). "A legitimate use of process to its authorized conclusion, even when carried out with bad intention, is not a malicious abuse of that process." *Donohoe Constr. Co.*, 235 Va. at 540.

8

To prevail in a cause of action for abuse of process, a plaintiff must plead and prove: "(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Id.* at 539.

The term "process" in this context means specific legal procedures enforced by judicial authority. As the Supreme Court of Maine explained, "[t]he filing of a lawsuit qualifies as a regular use of process and cannot constitute abuse of process, even if the filing was influenced by an ulterior motive . . . . Instead, abuse of process claims arise when litigants misuse individual legal procedures, such as discovery, subpoenas, and attachment, after a lawsuit has been filed." *Advanced Constr. Corp. v. Pilecki*, 901 A.2d 189, 197 (Me. 2006) (citing *Tanguay v. Asen*, 722 A.2d 49, 50 (Me. 1998)).

For example, in *Ely v. Whitlock*, 238 Va. 670, 676 (1989), this Court affirmed a circuit court decision overruling a demurrer to an abuse of process claim. There, plaintiff filed an ethics complaint against an attorney. The complaint turned out to be unfounded. Had the attorney simply allowed "the appropriate disciplinary authorities to investigate and prosecute the complaint," there would have been no cause of action for abuse of process. *Id.* The attorney did not simply stop there, however. After filing the complaint, the attorney who had lodged the ethics complaint took depositions to support her complaint. We concluded that taking depositions after filing the complaint satisfied the second prong of an abuse of process claim and was sufficient to withstand a demurrer. *Id.* As one court pointed out in construing *Ely*, "the taking of a deposition invokes judicial authority in that the issuance of a summons or a subpoena is used to compel the witness's attendance." *Ubl v. Kachouroff*, 937 F. Supp. 2d 765, 770-71 (E.D. Va. 2013).

9

The Eubanks allege that, after instituting criminal proceedings, the County Employees met with the Commonwealth's Attorney and provided him with documentary evidence they knew to be false. According to the Eubanks, the County Employees also concealed the letter from the surveyor that the Eubanks had provided to the County, and they did not reveal the original plat, which showed the house occupying the same footprint today as it did in 1966. The Eubanks do not point to any particular legal process that the defendants abused. Meeting with the Commonwealth's Attorney does not constitute legal process within the scope of this tort. Neither does withholding adverse evidence. Consequently, the Eubanks' claim for abuse of process fails as a matter of law. On this point, we affirm the judgment of the circuit court.

## CONCLUSION

For the reasons stated above, the judgment of the circuit court is affirmed in part, reversed in part, and the case is remanded for further proceedings.

*Affirmed in part,*
*reversed in part,*
*and remanded.*